[L. A. No. 9161. Department Two.—February 27, 1928.]

DOMENICA MUNCHIANDO, Respondent, v. HOLLIS BACH, Appellant.

Jennings & Belcher and Hollis Bach for Appellant.

J. M. Fursee for Respondent.

SHENK, J.—This action was brought to recover damages for personal injuries alleged to have been caused by the negligence of the defendants. A motion for a nonsuit was granted as to the defendant Four-Wheel Hydraulic Brake Sales Corporation. At the close of the trial a judgment was entered in favor of the defendant Bach on an instructed verdict. The plaintiff moved for a new trial as to both defendants. The motion was denied as to the defendant corporation and granted as to defendant Bach, the latter of whom prosecutes this appeal from that order. The alleged injuries were suffered by the plaintiff on the first day of January, 1925. Upon a showing made by the defendant Bach, it appears that the plaintiff died on the thirteenth day of May, 1927. From this showing it is urged that the action has abated.

The common-law rule is that an action for personal injuries alleged to have been caused by the negligence of the defendant, except under certain conditions which do not exist here, does not survive the death of either the person to or the person by whom the wrong was done. (See *Clark* v. *Goodwin,* 170 Cal. 527 [L. R. A. 1916A, 1142, 150 Pac. 357]; 1 Cal. Jur., p. 71.) This rule is in effect in this state except where modified by statute, and there seems to be no statute which would affect the situation here presented. The appeal has become moot and should be dismissed for that reason. Appropriate proceedings should be taken in the trial court to dismiss the action on account of the abatement thereof.

The appeal is dismissed.

Richards, J., and Langdon, J., concurred.