[Civ. No. 3894.  Third Appellate District.—October 22. 1929.]

## D. T. BLODGETT, Appellant, v. GEORGE H. GREEN-FIELD, Respondent.

D. T. Blodgett, *in pro. per.*, for Appellant.

W. C. Gammill and Atwell Westwick for Respondent.

THOMPSON (R. L.), J.—This is an appeal from a judgment of dismissal of an action for libel, which was rendered upon motion at the death of the accused.

The appellant commenced an action for libel against George H. Greenfield. His answer was filed controverting the essential· allegations of the complaint. The defendant then died. Upon proceedings duly had, his widow, Eva K. Greenfield, was appointed and qualified as executrix of his estate. Subsequently, on June 27, 1927, on *ex parte* motion of the plaintiff, upon suggestion to the court of the death of the defendant, the executrix in her representative capacity was substituted as a party defendant. July 7th the respondent filed a supplemental answer setting up only the death of her husband, her appointment as executrix of his estate and the substitution as defendant, praying for the abatement of the action. At the same time she filed a demurrer on the ground of her misjoinder as a party defendant, together with a formal written motion for dismissal of the action with costs, supported by an adequate affidavit of the death of her husband. Notice of this motion was duly served and ·upon the hearing thereof on July 13th, despite the opposition of plaintiff, the demurrer was sustained without leave to amend and the action was dismissed on the ground that the cause failed to survive the death of the alleged tort-feasor. No order was made with respect to costs. From this judgment the plaintiff has appealed.

It is contended that the cause did not abate at the death of the defendant· charged with the libel, and that the respondent waived her right to a plea in abatement by voluntarily appearing and filing a demurrer and supplemental answer. There is no merit in these contentions.

A cause of action for libel or slander does not survive the death of the party charged therewith. An action of this nature which is pending, abates when the death of either party occurs before the judgment becomes final. (18 Standard Ency. of Proc., p. 891; 1 R. C. L. 48, sec. 47; Newell on Slander and Libel, 2d ed., p. 375, sec. 30; 1 Cal. Jur. 71, sec. 41; *De La Torre* v. *Johnson*, 200 Cal. 754, 757 [254 Pac. 1105].) Such an action may not be continued against the representative of the deceased.

When the death of a party to an action occurs pending the litigation, the death may be suggested to the court by any party to the action, at any stage of the proceeding, by means of an affidavit or verified pleading. Upon such notice when the death is not controverted it becomes the

duty of the court to dismiss the action and to proceed no further against the deceased. (*Judson* v. *Love,* 35 Cal. 463, 469; *Munchiando* v. *Bach,* 203 Cal. 457 [264 Pac. 762].)

It is true that pleas in abatement which are merely dilatory in their nature are not favored in law (1 Cal. Jur. 80, sec. 49), and may be waived by pleading to the merits of a cause. A plea in abatement on account of the death of a party charged with a tort against the person of the complainant is, however, not a dilatory plea, but rather it is a plea in bar and is, therefore, not waived by demurrer or answering. An executrix in her representative capacity could not bind the estate which she represents by inadvertently answering to a charge against the deceased which does not survive and which is barred by the event of his death. In the present case the demurrer became *functus officio* upon the filing of the motion to dismiss the action. The ruling upon this demurrer was harmless and useless. The appearance of the executrix of the estate by means of a supplemental answer may have been unnecessary since the death of the defendant had been called to the attention of the court by the plaintiff and the court then had no authority to proceed further against the deceased. Except for this fact, however, neither the executrix nor the attorneys for the deceased whose authority ceased at the death of their client, had any standing to move for a dismissal of the action. The filing of the supplemental answer was not a waiver of the plea in abatement. It was an appropriate means of securing legal standing upon which to move the court for a dismissal of the action.

The judgment is affirmed.

Plummer, J., and Finch, P. J., concurred.