[Civ. No. 8723. First Appellate District, Division Two.—April 27, 1933.]

S. MORTON COHN, Respondent, v. MARIE STANFORD, as Administratrix, etc., Appellant.

464

Milton K. Young, Byron Coleman, Harry I. Stafford and Dean Cunha for Appellant.

John H. Riordan and Walter E. McGovern for Respondent.

NOURSE, P. J.—Plaintiff sued for an annulment of his marriage with Lillian E. Cohn upon the alleged ground that she was insane at the time of the marriage contract. At the time of the trial Mrs. Cohn had been adjudged insane and she appeared herein through her guardian *ad litem*. Plaintiff had a judgment of annulment under circumstances which thereafter appeared to her guardian to be fraudulent and her guardian moved to set aside the judgment upon that ground. This motion was denied and the guardian perfected this appeal. After her opening brief was filed, and before a reply had been made by the respondent, Mrs. Cohn died. An administratrix was thereupon appointed and she now moves for a dismissal of the appeal.

No authorities are cited in support of the motion, but the moving party rests on the mere statement that Mrs. Cohn is deceased. Where fraud is practiced in annulment or divorce proceedings the death of one of the parties does not abate the proceedings to purge the record of the alleged fraud. (*McGuinness* v. *Superior Court*, 196 Cal. 222, 232–236 [237 Pac. 42, 40 A. L. R. 1110].)

 For this reason the dismissal of this appeal should not be taken as an affirmance of the order appealed from in so far as the court or other interested parties are concerned. The dismissal is limited to the single ground that the parties

to the record have agreed that this particular proceeding should be terminated.

Appeal dismissed.

Sturtevant, J., and Spence, J., concurred.