[Sac. No. 5042. In Bank.—August 7, 1936.]

MARGARET ALTA RICHARDS, as Executrix, etc., et al., Appellants, v. CALIFORNIA MINING & DREDGING SYNDICATE (a Corporation) et al., Respondents; LEO KAUFMANN, Receiver and Appellant.

Simeon E. Sheffey and Errol G. Gilkey for Appellants.

H. C. Nelson for Respondents.

197

SHENK, J.—A motion was made herein to dismiss the appeals or affirm the judgment on the ground that the grounds of the appeals are unsubstantial and that the appeals were taken only for purposes of delay.

The plaintiffs are stockholders of the defendant, which was a mining corporation organized under the laws of the state of Nevada. The complaint shows that the defendant qualified to do business in California in 1906 and surrendered its right to do business here in 1915. During the intervening period it acquired certain mining properties in Humboldt County in this state. In October, 1934, the sheriff of that county sold said lands under execution levied under a default judgment for over $500,000 obtained against the corporation in an action on certain promissory notes alleged to have been executed by it. The present action was filed by the plaintiffs on August 19, 1935, to obtain a partition of said lands among the stockholders and for the appointment of a receiver. Such a receiver was appointed by the court on the plaintiffs' *ex parte* application on August 20, 1935. On December 16, 1935, the court entered its order discharging the receiver, reserving to the plaintiffs the right to renew their application upon the trial of the issues. The court based its order of discharge on the ground that the exigencies of the case did not appear to require the appointment of a receiver for the conservation of the rights of the respective parties.

It does not appear from the record on appeal whether the foregoing order discharging the receiver was pursuant to notice and hearing. The record contains a further order of the court entered December 27, 1935, vacating the order entered on December 16, 1935, and ordering the receiver within thirty days to submit his final account to the court and upon the approval thereof that he be discharged, and reserving the same right to the plaintiffs to renew the application for a receiver. That order was based on the same ground of lack of necessity for the appointment of a receiver stated in the previous order. Notices of appeal were filed by the receiver and the plaintiff, Margaret Alta Richards, from the order of December 16th and from the order of December 27th.

The appeal is taken on the judgment roll hereinabove reviewed, and solely on the ground that the court had

no power to annul, by an *ex parte* order, the order appointing the receiver previously made. It appears to be the argument of the appellants that the order of December 27, 1935, was made *ex parte* or on the court's own motion, was without any validity, and was ineffectual as an order of discharge, and therefore that the receiver has not been discharged. The argument is unavailing. If the order of December 27th was of no effect, the order of December 16th still had force and was effective as an order of discharge of the receiver. The appellants do not attempt to show that the order was beyond the power of the court, or was erroneous in any respect. ▮ If the court may properly discharge the receiver, and it must be assumed on the appeal on the judgment roll alone that sufficient grounds for such order existed, there is no reason why the court may not supplement its order by requiring the receiver to render an accounting. This was within its appropriate jurisdiction in that proceeding, and is all that the order of December 27th sought to do. Without more, the appellants have not succeeded in showing that they are entitled to a reversal of the order discharging the receiver or of the order requiring him to make an accounting. The merits of the motion, and in fact of the appeal, are therefore sufficiently disposed of adversely to the appellants' contentions by a consideration of the record on appeal and the appellants' brief on file.

▮ The respondents, on a motion for diminution of the record, offer to show among other matters that the order of December 16, 1935, was made after hearing held pursuant to notice, and that the modified order of December 27th was made and entered at the written request to the court of the attorneys for the appellants. As hereinabove indicated, however, the merits are disposed of on considerations independent of any further showing in the record, and the motion for diminution is for that reason denied.

The motion to affirm is granted and the judgments are accordingly affirmed.

Curtis, J., Langdon, J., Waste, C. J., and Seawell, J., concurred.

Rehearing denied.