[Civ. No. 10108. First Appellate District, Division Two.—November 5, 1936.]

CALIFORNIA PACIFIC TITLE & TRUST COMPANY (a Corporation), Respondent, v. CALIFORNIA MINING & DREDGING SYNDICATE (a Corporation), Defendant; LEO KAUFMANN, Receiver, etc., Appellant.

Simeon E. Sheffey and Errol C. Gilkey for Appellant.

Pillsbury, Madison & Sutro, Eugene M. Prince and Gerald S. Levin for Respondent.

STURTEVANT, J.—The plaintiff sued the defendant to recover on several promissory notes. That action was brought and tried in the Superior Court in San Francisco.

As the latter was a foreign corporation, service was made by attaching certain lands in Humboldt County and pub-

lishing the summons. The defendant did not appear and on August 31, 1934, judgment by default was entered in favor of the plaintiff. Later execution issued and the property so attached as aforesaid was sold.

About ten months after the judgment was entered certain stockholders commenced an action in partition. That' action was brought in Humboldt County. In that action the trial court made an order appointing Leo Kaufmann receiver of the defendant corporation. Later the trial court made an order discharging the receiver and he appealed therefrom. However, the said order so appealed from was affirmed on August 7, 1936. (*Richards* v. *California Mining & Dredging Syndicate,* 7 Cal. (2d) 196 [60 Pac. (2d) 126].) .

In the meantime the receiver appeared in the first action and made a motion to vacate the judgment in favor of the plaintiff and to intervene. His motion was denied and he appealed from that order also. The transcript was filed and all briefs were prepared and filed prior to the decision above mentioned by the Supreme Court. Moreover a stipulation was entered into and filed by the terms of which said appeal could be submitted on briefs on file. However, after said decision was filed the plaintiff served and filed a notice of motion to dismiss the appeal or to affirm the judgment. In support of its motion it presented an affidavit. No evidence in opposition was offered by the appellant or otherwise. On the hearing the cause was submitted pursuant to said stipulation and together therewith the plaintiff's motion was also submitted.

The contention of the plaintiff is that all questions presented by this appeal have, by reason of the decision of the Supreme Court, become moot. It is settled law that "The questions involved in an appeal may become moot and abstract, by reason of some act of the parties, an act of the court, by lapse of time, by act of the legislature, by act of God, and perhaps in other ways . . . " (2 Cal. Jur. 125, sec. 13.) And, as said in *Hamilton Trust Co.* v. *Cornucopia Mines Co.,* 223 Fed. 494, at page 499, Mr. Justice Morrow speaking for the court, "It is a fundamental rule of appellate jurisdiction that every person desiring to appeal from a decree must be interested in the subject-matter of the litigation, and the interest must be immediate

and pecuniary and not a remote consequence of the judgment. The interest must be substantial, and a merely nominal party to an action cannot appeal. . . . '' In *Mills* v. *Green,* 159 U. S. 651, a leading case on the subject, at page 653 [16 Sup. Ct. 132, 40 L. Ed. 293], Mr. Justice Gray, speaking for the court, said: ''The duty of this court, as of every other judicial tribunal, is to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it. It necessarily follows that when, pending an appeal from the judgment of a lower court, and without any fault of the defendant, an event occurs which renders it impossible for this court, if it should decide the case in favor of the plaintiff, to grant him any effectual relief whatever, the court will not proceed to a formal judgment, but will dismiss the appeal. And such a fact, when not appearing on the record, may be proved by extrinsic evidence.'' When, on August 7, 1936, the Supreme Court decided that Leo Kaufmann was properly discharged, the effect of the discharge was to end the receivership. (53 C. J. 80, sec. 95 c.) In so far as we are advised the order of discharge was unconditional. The statute provides no reservations in behalf of the receiver. The California Mining & Dredging Syndicate makes no claim to be subrogated but on the other hand it still remains outside of the jurisdiction of the courts of this state. The rights of the stockholders in the partition suit are not involved. That is so because ''The court based its order of discharge on the ground that the exigencies of the case did not appear to require the appointment of a receiver for the conservation of the rights of the respective parties,'' and such order was affirmed on appeal. (*Richards* v. *California Mining & Dredging Syndicate, supra.*) As it has been adjudged that the rights of the parties have not been affected, it follows that the effect on the order appealed from has become solely academic and moot. (*State* v. *Imel,* 243 Mo. 174 [147 S. W. 992].)

The motion to dismiss is granted.

Nourse, P. J., and Spence, J., concurred.