[Civ. No. 11726. Second Appellate District, Division One.—April 7, 1939.]

IRENE E. REIDER, Administratrix, etc., Appellant, v. AQUEDUCT CONSTRUCTION COMPANY (a Corporation) et al., Respondents.

Gaines Hon for Appellant.

W. I. Gilbert and W. I. Gilbert, Jr., for Respondent Aqueduct Construction Company.

DORAN, J.—Plaintiff J. J. Reider appealed from a judgment in favor of defendant Aqueduct Construction Company, a corporation, entered on a directed verdict, and also from the judgment in plaintiff's favor as against defendant J. J. Ward, in an action to recover damages for personal injuries sustained through the alleged negligent operation of a motor vehicle by defendant Ward.

At the time of the accident defendant Aqueduct Construction Company (hereinafter referred to as defendant construction company) was engaged in the building of an aqueduct, which was a part of the Metropolitan Water District project, near Desert Center, California. Defendant Ward was employed by the company as a tractor operator.

The accident involved herein occurred at about 3 o'clock in the afternoon on October 20, 1936, at which time Reider was struck by an automobile driven by defendant Ward.

At the trial, upon the theory that at the time of the accident Ward was not acting within the course and scope of his employment, the court granted the motion of defendant construction company for a directed verdict. A verdict was returned in favor of plaintiff Reider and against Ward, but in favor of defendant construction company, as directed.

Originally, the sole question on appeal as conceded by both appellant and respondent construction company was whether, as a matter of law, defendant Ward at the time of the accident was acting within the scope of his employment. Appellant's brief was filed on February 28, 1938. Respondent Aqueduct Construction Company's brief was filed on March 28, 1938. On March 23, 1938, appellant Reider died. Thereafter Irene E. Reider, administratrix of the estate of appellant Reider, was duly substituted as plaintiff in the superior court and as plaintiff and appellant in the District Court of Appeal.

Respondent construction company moves to dismiss the appeal on the ground that the action abated upon the death of the plaintiff. Appellant, on the other hand, submits the following in connection with a request for a *nunc pro tunc* order: "Where, in an action for personal injuries against an employee and an employer jointly, the uncontradicted evidence shows that the employee was acting within the course of his employment as a matter of law, and the trial court erroneously directs a verdict in favor of the employer, and the jury thereafter renders a monetary verdict against the employee; upon appeal by plaintiff from the decision, does not the appellate court have inherent power, after death of plaintiff pending the decision on appeal, to reverse the judgment and order the trial court to enter a judgment *nunc pro tunc* in favor of plaintiff and against the employer in the exact amount that was rendered against the employee?"

*In re Estate of Pillsbury*, 175 Cal. 454 [166 Pac. 11, 3 A. L. R. 1396], is relied upon by appellant in support of the foregoing proposition. Briefly, the facts in the Pillsbury case are as follows: Pillsbury, during his lifetime was a physician and was sued for malpractice; he failed to put in an appearance at the time of trial and a monetary judgment was rendered against him two days before his death. Unaware of his death, the trial court entered the judgment against him two days after his death. Several months later, the trial court being advised of Pillsbury's death, and upon proper motion, entered judgment *nunc pro tunc* against Pillsbury as of the day of its rendition. This was done over the objection of the representative of Pillsbury's estate. The question presented on appeal was: "Did the right of the plaintiff in his damage suit to have the judgment entered after the death of the wrongdoer survive?" The trial court was sustained, in which connection the Supreme Court observed that, "Under the maxim *actus curiae neminem gravabit*, courts of law and courts of equity from very early times exercised the power of entering judgments and orders *nunc pro tunc* in order that the rights of the litigant who was himself not at fault should not be impaired or lost", and further, that "A *nunc pro tunc* order should be granted or refused as justice may require in view of the circumstances of the particular case." (*In re Estate of Pillsbury, supra.*) The opinion quotes from *Dawson* v. *Waldheim*, 89 Mo. App. 245, as follows: " 'We uphold the action of the Circuit Court on the broad ground that a court may, in the exercise of its common-law power, as a general rule when the state of the record or the minutes kept by the court or clerk show that a suitor was entitled to a particular judgment but that the judgment was not entered at the term when it should or might have been entered, at a subsequent term cause the proper judgment to be entered to relate back to the term when it should have been entered, provided the delay was not occasioned by the party applying.' " (*In re Estate of Pillsbury, supra*, p. 463.) The foregoing quotations are but brief excerpts; the opinion treats of the subject extensively.

It should be noted that the *nunc pro tunc* order in the Pillsbury case corrected an error or effected a change in the record that in no sense could be characterized as the correction or alteration of a judicial act. To the contrary, however, the error, which appellant herein either directly or in

effect seeks to correct or modify, is a judicial error, namely, the granting of the motion for an instructed verdict. Neither the Pillsbury case nor any case to which attention has been directed goes so far as to hold that such an error can be corrected, changed or modified, by an order *nunc pro tunc*. Appellant's contention in this connection, therefore, cannot be upheld.

██ With regard to respondent construction company's motion to dismiss the within appeal, it is well settled that upon the death of the plaintiff in an action such as the one herein relied upon, the cause of action abates. (*Munchiando* v. *Bach*, 203 Cal. 457 [264 Pac. 762]; *Smith* v. *Bimini Income Properties, Inc.*, 138 Cal. App. 447 [32 Pac. (2d) 399].) Hence it is evident that the defendant Aqueduct Construction Company's motion to dismiss the appeal herein should be, and the same is, granted.

In view of the foregoing it is unnecessary to determine whether defendant Ward at the time of the accident was acting within the scope of his employment, the original question raised by the appeal as hereinbefore noted.

Appellant moves to dismiss the within appeal as to the defendant Ward, which motion is granted.

For the reasons heretofore given, the appeal herein is dismissed as to both defendants.

York, P. J., and White, J., concurred.