[Civ. No. 2266.   Fourth Appellate District.—April 18, 1939.]

DONALD A. MAXON, Administrator, etc., Appellant, v. ROSE V. AVERY, Respondent.

W. R. Bailey for Appellant.

Farnsworth, Burke & Maddox and James K. Abercrombie for Respondent.

BARNARD, P. J.—This is an action to set aside a joint tenancy with the right of survivorship, and quiet the plaintiff's title in and to certain money and a certain note and trust deed.

On June 2, 1936, Norton H. Tharp, who was then 76 years of age, sold a ranch, which was his separate property, for $13,500, receiving $3,500 in cash and a note for $10,000 secured by a trust deed upon the property. The note and trust deed were made out in favor of Tharp, his wife, and Rose V. Avery, who was a niece of his wife, as joint tenants with the right of survivorship, and the cash received was deposited in a bank under a similar arrangement. Tharp's wife died on November 15, 1936. On January 11, 1937, Tharp was adjudged incompetent and Donald A. Maxon was appointed as guardian of his person and estate.

The guardian brought this action, alleging that on June 2, 1936, Tharp was weak in body and mind, and unable to care for his property; that the defendant occupied a confidential relationship with him and he relied on her to attend to the details of his business transactions; that without his knowledge or understanding and in violation of the confidential relationship between them, she caused and procured the placing of the proceeds of this ranch in joint tenancy as above mentioned; and that the execution and delivery of the note and trust deed and money in this manner was procured by fraud and undue influence. After answer, the cause was tried on June 2, 1937, and was taken under submission. Tharp died on September 22, 1937. The court found in all respects in favor of the defendant, findings of fact being filed on December 13, 1937, and a judgment on December 15, 1937. The court ordered both the findings and the judgment filed *nunc pro tunc* as of September 20, 1937. From that judgment this appeal was taken on March 2, 1938. On April 10, 1939, an order was made in the Superior Court of Tulare County substituting Donald A. Maxon, as administrator of the estate of Norton H. Tharp, deceased, as plaintiff in this action. On April 13, 1939, a similar order of substitution was made in this court.

The appellant contends that the findings are not supported by the evidence and that it conclusively appears that Tharp was mentally incompetent on June 2, 1936, and at all times thereafter; that he did not understand the disposition that

was made of the money, the note and the deed of trust; that the transaction was procured by the connivance of Mrs. Tharp and the respondent; and further, that the judgment is void, having been entered after the death of Tharp and without the substitution of a party plaintiff.

Conceding, but not holding, that the evidence would have supported contrary findings and a judgment in favor of the appellant, it would have to be held that the findings and judgment as entered are amply supported by the evidence. In fact, they are supported by a preponderance of the evi- It must be held, however, that the judgment entered after the death of the real plaintiff in the action is void since no substitution of parties had been made at that time and there was then no real plaintiff before the court, and the court was without jurisdiction to enter the judgment. (*Scoville* v. *Keglor,* 27 Cal. App. (2d) 17 [80 Pac. (2d) 162].)

A further consideration is that the purported appeal was taken by the guardian before any substitution of parties had been made. The authority of the guardian ended with the death of Tharp and the notice of appeal filed by the guardian was ineffective for any purpose.

The evidence in the record covering the issues as to Tharp's mental condition, whether he had independent advice, the confidential relationship of the parties, and the use of undue influence is voluminous, and it would seem that there is no occasion for the taking of further evidence. Now that there has been a substitution of parties we suggest that the proper procedure would be for the respondent to take the appropriate steps to have the void judgment set aside, and to have the same findings and judgment entered and filed, *nunc pro tunc,* as of a date before the death of Tharp.

For the reasons given the purported appeal is dismissed.

Marks, J., and Griffin, J., concurred.