[Civ. No. 2469. Fourth Appellate District.—November 21, 1939.]

In the Matter of the Estate of JEAN CAZAURANG, Deceased. WIN E. HOFFMAN, as Executor, etc., et al., Petitioners, v. THE SUPERIOR COURT OF SAN DIEGO COUNTY et al., Respondents.

A. M. Thompson and H. J. Bischoff for Petitioners.

Porter C. Blackburn, Dempster McKee and Marion P. Betty for Respondents.

BARNARD, P. J.—It appears from the petition that Jean Cazaurang died on June 15, 1929. His widow, Marie Cazaurang, offered for probate a will dated April 25, 1928. One Marie Lees offered for probate as a will two instruments signed by Jean Cazaurang on June 11, 1927 and February 2, 1929, which will be herein referred to as the "Lees" will. Another will dated March 5, 1929, known as the "Carrey" will, was also offered for probate.

On October 15, 1936, Marie Cazaurang filed written objections to the probate of the Lees will. On April 12, 1937, Marie Cazaurang died and one of the petitioners herein was later appointed executor of her will. On October 24, 1939, the petitioners herein filed a written contest to the probate of the Lees will, causing a citation to be issued directed to all persons known to be interested in the estate of Jean Cazaurang. Before this citation was served on the persons named therein the respondent court, while hearing another contest of the Carrey will, proceeded to also hear the petition for probate of the Lees will. This was done over the objection of these petitioners, and before the citation in the contest filed by them had been served on the necessary parties. After

evidence was thus received in support of the petition to probate the Lees will, but no evidence having been received or offered in connection with the contest of said will, the court held that the Carrey will had been executed under undue influence, that the Lees will should be admitted to probate, and ordered written findings of fact and conclusions of law to be prepared by counsel for the proponent of the Lees will.

This proceeding followed and the matter is submitted here upon the petition and upon a demurrer thereto interposed in behalf of the respondents.

■ It thus appears that objections to the probate of the Lees will were filed by Marie Cazaurang, that she is dead, and that no substitution has been made of her personal representative. It further appears that her personal representative later filed another contest of the Lees will, that service of citation therein has not been completed and that that matter is not yet in issue. Under these circumstances, the court is without jurisdiction to admit to probate the will offered by Marie Lees until the contest filed is brought to issue and heard.

■ A court is without jurisdiction to proceed when one of the parties before it has died and there has been no substitution of any representative of the deceased. (*Boyd* v. *Lancaster,* 32 Cal. App. (2d) 574 [90 Pac. (2d) 317]; *Maxon* v. *Avery,* 32 Cal. App. (2d) 300 [89 Pac. (2d) 684.].) While we are limited in the present proceeding by the terms of the original writ, it may be suggested that the personal representative of Marie Cazaurang should be substituted with respect to the original objections filed by her, in order to obviate the possibility of a further delay by the raising of that point at some future time.

The peremptory writ will issue.

Marks, J., concurred.