[Civ. No. 16294.  Second Dist., Div. Two.  Feb. 20, 1948.]

HARRIET HAMILTON, Respondent, v. WALTER A. HAM-ILTON, Defendant; MARTHA HAMILTON, as Administratrix, etc., Appellant.

Nathan Newby, Jr., and Newby, Holder & Newby for Appellant.

Gordon M. Snyder for Respondent.

MOORE, P. J.—The question for decision is whether this court has jurisdiction over an appeal from an order dismissing an order to show cause in re modification of an interlocutory decree of divorce, the defendant husband having deceased and no order for the substitution of his personal representative having been made, and it appearing that the order for the payment of monthly sums to the plaintiff had been made in approving a property settlement agreement.

On August 31, 1945, respondent and her husband Walter A. Hamilton executed a property settlement agreement by the terms of which the husband conveyed to respondent $6,000, a home, furniture and furnishings, automobile, jewelry, bonds and other securities and agreed to pay for her support and maintenance "the sum of $150 per month for the remainder of her life" provided that in the event respondent should remarry such obligation should immediately terminate. In September of the same year respondent filed her complaint for divorce and alleged the execution of the property settlement and prayed that it be approved. The husband filed no answer. An interlocutory judgment of divorce was entered October 30, 1945, wherein the property settlement was incorporated and was in all things approved and the defendant ordered to pay for plaintiff's support and maintenance the sum of $150 a month. All payments provided by the agreement were made to and including the first day of March, 1946. In that month Mr. Hamilton deceased.

On February 26, 1947, Nathan Newby Jr., as attorney for the administratrix of decedent's estate, filed an affidavit in the divorce action for an order directing respondent to show cause on March 20, 1947, why the interlocutory decree should not be modified and additional orders made. Such affidavit averred that since the judgment was entered conditions had materially changed in that Walter A. Hamilton had deceased

and that he had made all payments "for and on account of alimony as provided for in said order." Based upon such facts the court was requested to modify the order "by terminating the alimony payment of $150 for the month of April, 1946, and for all subsequent months and all further payments of alimony be terminated and annuled."

The hearing upon the order to show cause was finally held on June 4, 1947, following which the court dismissed the application for the order to show cause as well as the order itself on the following grounds: (1) the affidavit for the order to show cause is insufficient in that it does not show that the support provisions are subject to modification under the Civil Code, section 139; (2) the right to apply for a modification under section 139 is a personal right and did not survive the death of defendant or inure to the benefit of his attorneys; (3) the interlocutory judgment having adjudicated the property rights of the parties, including the monthly payments as well as their marital status, has become final as to the property rights. The interlocutory judgment with respect to property rights having been predicated upon the property settlement of the parties is a final settlement of such property rights.

After the filing of the settled statement herein respondent filed her notice of motion to dismiss the appeal on the ground that this court is without jurisdiction to hear and determine it for the reasons (1) that the divorce action abated by the death of the defendant 11 months prior to the filing of the motion to modify the interlocutory judgment; (2) that the appeal is taken by a person who is neither an aggrieved party nor a party to the record, to wit, the administratrix of the estate of Walter A. Hamilton, deceased; (3) that the modification proceeding was instituted by one of decedent's counsel who was not a party to the divorce action.

██ (1) Clearly the action abated by the husband's death. In an action for divorce the death of the wife subsequent to entry of the judgment deprives the superior court of all power to review its action and to determine her right to a divorce. "The primary and substantive subject of litigation in a suit for divorce is the personal relation of the parties, and their rights to the community property is but incidental thereto. If, before a decision upon that question is made, one of the parties dies, the action cannot be continued for the purpose of determining the rights of property; and if there was originally no issue upon the subject, it cannot be revived in case of death after judgment for the purpose of having this question

adjudicated." (*Kirschner* v. *Dietrich,* 110 Cal. 502, 505 [42 P. 1064] ; *Begbie* v. *Begbie,* 128 Cal. 154 [60 P. 667].) Mr. Hamilton having deceased 11 months prior to the filing of the application for a modification of the interlocutory decree, the action had abated. There was nothing that could be done with that decree unless it should be determined that the provisions with respect to support money could be modified, which is not possible in the instant proceeding.

■ (2) The appellant is not an aggrieved party and therefore is without right to appeal. ■ It is a fundamental rule of appellate jurisdiction that every appellant must be interested in the subject matter of the litigation, and his interest must be immediate, pecuniary, and substantial and not nominal or a remote consequence of the judgment. ■ It is the function and duty of a court to decide actual controversies and not moot questions. (*California Pacific Title & Trust Co.* v. *California Mining & Dredging Syndicate,* 17 Cal.App.2d 353, 355 [61 P.2d 1181] ; *Globe Discount Co.* v. *Ostergard,* 5 Cal.2d 673 [55 P.2d 1169] ; *Goldtree* v. *Thompson,* 83 Cal. 420 [23 P. 383].)

Many decisions hold that an order entered after the death of a party to an action is void in the absence of the substitution of the personal representative of such decedent. (*Maxon* v. *Avery,* 32 Cal.App.2d 300, 302 [89 P.2d 684] ; *Mucnhiando* v. *Bach,* 203 Cal. 457, 458 [264 P. 762] ; *Scoville* v. *Keglor,* 27 Cal.App.2d 17 [80 P.2d 162].)

■ When an interlocutory decree disposes of the property right of the parties it becomes conclusive as to such property rights. (*Klebora* v. *Klebora,* 118 Cal.App. 613, 618 [5 P.2d 965].) Appellant questions the soundness of the foregoing principle and insists that the jurisdiction of the court extends to the hearing and determination of the application of the administratrix for a modification of the interlocutory decree. ■ But whether or not the property settlement agreement and the interlocutory decree are subject to modification by the court, there is still no answer to the contention of respondent that no action can be taken in the premises prior to the substitution of decedent's administratrix. (*Estate of Cazaurang,* 35 Cal.App.2d 556, 558 [96 P.2d 185] ; *Braun* v. *Brown,* 13 Cal.2d 130, 133 [87 P.2d 1009].)

Appellant cites numerous cases in support of her contention that the judgment is subject to modification : *Wylie* v. *Wylie,* 26 Cal.App.2d 167 [79 P.2d 152] ; *Norris* v. *Norris,* 162 Wis. 356 [156 N.W. 778], 155 A.L.R. 622; *Estate of Baker,* 170 Cal.

578, 581 [150 P. 989], and others. Practically all such authorities deal with the question whether the provision in the interlocutory decree was one for alimony. Other authorities cited are for the purpose of enforcing her contention that she was sufficiently connected with the record to prosecute the application for a modification of the decree. ■ But the method of becoming a party to an action is fixed by statute. (Code Civ. Proc., § 1014.) The filing of an affidavit by the attorney for the administratrix requesting thereby a modification of the interlocutory decree was not sufficient to substitute her as party defendant in the divorce action. (*Estate of Kratz,* 192 Cal. 494, 497 [221 P. 340].) For an attorney to appear in an action with which his client has no connection will not suffice to constitute his client a party. Such can be done only by substitution.

(3) By the foregoing it is demonstrated that the proceeding for modification was instituted by a stranger to the action and for that reason cannot be maintained.

It is ordered that the appeal be and it is dismissed.

McComb, J., and Wilson, J., concurred.