[Civ. No. 21919. Second Dist., Div. Three. May 9, 1957.]

STERLING ESCROW COMPANY (a Corporation), Respondent, v. PHILIP VANDERNOOT et al., Defendants; ALONZO PARKS et al., Appellants.

Roscoe C. Carroll for Appellants.

Moss, Lyon & Dunn, Gerold C. Dunn and Henry F. Walker for Respondent.

WOOD (Parker), J. — Action in interpleader. Alonzo Parks and Pauline Parks appeal from an interlocutory judg-

ment entered November 21, 1955. They executed a promissory note for $7,308.45, payable to Philip Vandernoot and Pearl Vandernoot. As security for the payment of the note, Mr. and Mrs. Parks executed a trust deed wherein Sterling Escrow Company was named trustee. The real property described in the trust deed was sold at a trustee's sale for $8,524.14 to Sarah Abrahamer, who was owner of a second trust deed on the property. Plaintiff, as trustee, commenced this action to require the Parks, Vandernoots, and Mrs. Abrahamer to plead and litigate their claims to the proceeds of the sale.

The complaint alleged, in part, that the "Deed of Trust" was sold by the trustee, "according to law"; that each of the defendants claimed the proceeds or a portion thereof; that plaintiff intended to deposit the proceeds in court at the time of filing the complaint.

The answer of defendants Parks denied the allegations of the complaint, except that plaintiff was trustee and that plaintiff executed a trustee's deed in favor of defendant Abrahamer. Their answer also alleged that the purported trustee's sale was contrary to law; plaintiff was without authority to execute the deed; the deed was executed for the purpose of defrauding defendants Parks; they had defenses "to the purported sale" which defenses were pleaded in case Number 633655 then pending in the superior court; plaintiff and the other defendants had knowledge of such defenses prior to the sale; defendants Vandernoot and plaintiff induced defendants Parks to execute the trust deed by false representations which were set forth in said case Number 633655; the note was fraudulently obtained by defendants Vandernoot and plaintiff; defendant Abrahamer knew prior to the sale that the note had been fraudulently obtained; there was a failure of consideration for the note and trust deed.

A demurrer of defendants Vandernoot to the complaint was sustained with leave to amend. The amended complaint was substantially the same as the complaint, except that it alleged further as follows: that plaintiff had deposited the proceeds of the sale with the county clerk; the Vandernoots claimed the proceeds as beneficiaries under the trust deed; defendant Abrahamer, as a junior lienholder, claimed any surplus above the amount to which the Vandernoots were entitled; that prior to the commencement of the action the defendants Parks orally claimed the proceeds, stating that the note and trust deed were usurious and there was a failure of consideration for them.

The answer of defendants Vandernoot to the amended com-

plaint alleged that the note and trust deed were valid and were given for a valuable consideration. In the answer of defendant Abrahamer to the amended complaint, she claimed all the proceeds above the amount due the Vandernoots.

Defendants Parks did not answer the amended complaint. On November 3, 1955, the date of the trial, and prior to the time the case was transferred from the department of the presiding judge to a trial department, the attorney for defendants Parks filed a disclaimer of interest in the proceeds of the sale.[1] Thereafter, on that date, the case was assigned to a trial department. Neither of the defendants Parks, nor their attorney, was present at the trial.

The attorney for defendants Parks filed written objections to proposed findings. It may be stated generally that the objections were to findings which were to the effect that the sale was fairly conducted and made according to law; that the Vandernoots paid $7,308.45 to appellants as consideration for the note and trust deed, and there was no fraud. On the margin of the written objections, the judge wrote: "Considered and denied."

On November 17 findings were filed. There was one set of findings, and there were two judgments—the interlocutory judgment (discharging plaintiff from liability) and the judgment (determining the claims). Also on November 17, the judgment[2] was entered, which provided that the Vandernoots were entitled to $8,523.14 of the proceeds, and that defendant Abrahamer was entitled to $1.00 thereof. On November 21 an

[1] "No. 636785 Notice of Disclaimer of Interest of Proceeds of Sale. Now comes the defendants, Alonzo Parks and Pauline Parks, and in pursuance to their answer on file herein, files this notice that; they and each of them disclaim all interest in and to the sum of $8,524.14 or any other sum now on deposit with the Office of the County Clerk of the County of Los Angeles, as alleged in the Interpleader herein and makes no claim thereto, whatsoever; and in pursuance thereof, said defendants have never, and do not now demand from the plaintiff the proceeds thereof."

[2] "It Is Ordered, Adjudged and Decreed as follows:
"1. Plaintiff is hereby discharged from all liability to any of the defendants, and defendants, Sarah Abrahamer and Philip Vandernoot and Pearl Vandernoot are hereby discharged from any and all liability to plaintiff for attorney's fees and court costs.
"2. The County Clerk of the County of Los Angeles is hereby ordered and directed to forthwith pay to Philip Vandernoot and Pearl Vandernoot the sum of $8,523.14.
"3. The County Clerk of the County of Los Angeles is hereby ordered and directed to pay to Sarah Abrahamer forthwith the sum of $1.00."

interlocutory judgment[3] (dated November 17) was entered, which provided that plaintiff was dismissed from the cause and discharged from all liability to all defendants with respect to the proceeds, and that defendants interplead and litigate their claims among themselves.

The findings were that the allegations of the amended complaint were true, and that the allegations of the answer of defendants Parks "to the complaint herein" were not true, with the exception of certain allegations which it is not necessary to state here. The court also found that the sale was fairly conducted and made in compliance with all statutory requirements; and that defendants Vandernoot paid $7,308.45 to defendants Parks as consideration for the note and trust deed; and that no fraud was practiced on defendants Parks by plaintiff or defendants Vandernoot or defendant Abrahamer.

It thus appears that the interlocutory judgment was entered (November 21) four days after the judgment was entered (November 17).

As above stated, the appeal herein is from the interlocutory judgment.

Appellants (Parks) contend that the court made findings that were in excess of the scope of an action in interpleader. The findings so referred to are: (1) That the sale was fairly conducted and made in compliance with all statutory requirements; and (2) that the Vandernoots paid $7,308.45 to the Parks as consideration for the note and trust deed, and there was no fraud. Apparently the principal concern of appellants on this appeal is that, in their "pending case" against the escrow company, the company might "plead res judicata by virtue of the Findings to the effect that the sale was valid." Appellants also assert in effect that the findings pertained to the allegations of the amended complaint, whereas "the only complaint before the Court as far as these appellants are concerned is the original complaint." Of course, after the amended complaint was filed the issues which had been presented by the *complaint* and appellants' answer to the

---

[3]"IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

"1. That the Complaint is properly brought by plaintiff in this action and that plaintiff be, and it is hereby, dismissed from this cause and discharged from all liability to all and any defendants in this action with respect to said fund but that, pursuant to stipulation between the parties, said plaintiff is not entitled to its costs of action;

"2. That the defendants do interplead, litigate and settle their several claims, demands and matters in controversy in this suit between themselves."

*complaint* were not issues before the court. Since appellants did not "answer" the *amended complaint* but filed a disclaimer after the amended complaint was filed, there was no issue between the plaintiff escrow company and appellants Parks. (The record does not show whether the amended complaint was served on appellants.) It seems that the action was set for trial before it was at issue insofar as appellants Parks were concerned. The findings which were made with reference to appellants' answer to the *complaint* were not necessary.

The interlocutory judgment from which this appeal is taken provided in paragraph 1, as above shown, that the complaint is properly brought by plaintiff, and that plaintiff is dismissed from this cause and discharged from all liability to all defendants with respect to the fund. Appellants are not aggrieved by that provision of the interlocutory judgment. They disclaimed any interest in the fund. The interlocutory judgment recited that they had filed a disclaimer.

In paragraph 2 of that judgment it was provided that "the defendants do interplead, litigate and settle their several claims, demands and matters in controversy in this suit between themselves." Appellants are not aggrieved by that provision unless the word "defendants" as used therein was intended to include defendants Parks (appellants) and to mean that they should interplead. It does not seem reasonable that that was intended. Appellants had filed a disclaimer, as recited in the interlocutory judgment. They were not present, nor represented, at the trial. The defendants who were present and represented at the trial, as recited in the interlocutory judgment, were the defendants Vandernoot and Mrs. Abrahamer. The use of the word "between," rather than the word "among," in paragraph 2, indicates that two defendants, or groups of defendants, were referred to. It is reasonable to assume that the "defendants" referred to in that paragraph were the Vandernoots and Mrs. Abrahamer. Furthermore, the interlocutory judgment was signed on the same date that the (final) judgment was signed and entered (November 17), thereby indicating that it was not intended that the absent defendants (Parks) should interplead. There was no opportunity for them to interplead, if it was so intended. It is to be noted also that the (final) judgment determining the interests of the Vandernoots and Mrs. Abrahamer was entered on the same date it was signed, which was four days before the interlocutory judgment was en-

tered. Appellants Parks were not mentioned in the (final) judgment. The word "defendants" as used in paragraph 2 of the interlocutory judgment did not include defendants Parks. Appellants were not aggrieved by the interlocutory judgment. Section 938 of the Code of Civil Procedure provides: "Any party aggrieved may appeal in the cases prescribed in this title." The title referred to is "Title XIII" which pertains to "Appeals in Civil Actions" from the superior court. ██ "[E]very appellant must be interested in the subject matter of the litigation, and his interest must be immediate, pecuniary, and substantial and not nominal or a remote consequence of the judgment." (*Hamilton* v. *Hamilton*, 83 Cal.App.2d 771, 774 [189 P.2d 722].)

The appeal is dismissed.

Shinn, P. J., and Vallée, J., concurred.