[Civ. No. 7083. Fourth Dist. Sept. 17, 1963.]

E. D. SEYMOUR et al., Plaintiffs and Respondents, v. SARAH CARIKER, as Administratrix, etc., Defendant and Appellant.

Edgar C. Keller for Defendant and Appellant.

Jack B. Tenney and Frederic S. Wing for Plaintiffs and Respondents.

GRIFFIN, P. J.—This action for reformation of a deed, dated and executed July 9, 1936, was instituted on February 8, 1960, by E. D. Seymour and his wife Bessie A. Seymour, plaintiffs, cross-defendants and respondents, against Sarah Cariker as administratrix of the estate of J. D. Cariker, deceased. The property involved was an 80-acre parcel of land in Yucca Valley. The record comes to us only on the clerk's transcript. According to the complaint, J. D. Cariker delivered a deed to his son-in-law, plaintiff E. D. Seymour, to:

"The East Eighty (80) acres of the North East One Hundred Sixty Acres (160) of Section Two (2), Township One (1) South, Range Five (5) East, S. B. B. & M."

The description of this property should have been "Government Lots 8 and 9 of Section 2, Township 1 South, Range 5 East," making a difference of 10 acres. On December 21, 1938, plaintiff E. D. Seymour deeded the property under the mistaken description to himself and his wife (plaintiff Bessie A. Seymour) as joint tenants. It is alleged that the mistake in the description was not discovered until about November 1, 1959, when a certificate of title was sought. Reformation of the first deed accordingly was sought.

Defendant administratrix answered, denied generally the allegations of the complaint, and, as a first affirmative defense, alleged that there was no consideration for execution of any of the instruments. In a second defense, it was alleged that plaintiffs came into court with unclean hands, in that prior to the delivery of the deed E. D. Seymour represented to decedent J. D. Cariker that he would hold such property in trust for him and would reconvey it upon decedent's request. The third affirmative defense alleges that plaintiffs were guilty of laches and unreasonable delay of more than 20 years in bringing this action. As the fourth, fifth, sixth and seventh defenses, it is alleged that the complaint is barred by Code of Civil Procedure, section 337, subdivision 1, section 338, subdivision 4, section 339, subdivision 1, and section 343.

A cross-complaint was filed by defendant, alleging the death of J. D. Cariker on December 18, 1959, and that his administratrix was appointed on January 25, 1960. The administratrix (cross-complainant herein) alleged generally

the allegations set forth in her second affirmative defense and prayed judgment that plaintiffs hold said property in trust for cross-complainant and that plaintiffs be required to reconvey the property to her.

A demurrer thereto was overruled and a motion to strike the answer was denied. An answer to the cross-complaint was filed denying these allegations and the statute of limitations was again raised.

A pretrial order was entered, setting up the issues to be presented. It was pointed out by counsel for defendant that plaintiff E. D. Seymour had died since the filing of the action and a question of the necessity of substitution of the personal representative of his estate in his place arose and such amendment may be necessary. The order contained the statement that the issues were joined; that plaintiff E. D. Seymour is now deceased; that defendant is granted permission to serve the personal representative of deceased, E. D. Seymour, if she desires to do so, and it was stipulated that if plaintiff Bessie A. Seymour desires, pleadings may then simply stand on those currently on file; and that defendant may amend to allege the filing of a claim in the probate proceedings in the matter of the estate of E. D. Seymour. Thereafter, counsel for plaintiffs proceeded without substitution of the administratrix as a party.

On the trial date, plaintiffs objected to the introduction of evidence and moved to strike the answer of defendant and her cross-complaint, and moved for a summary judgment in favor of the plaintiffs. The court, after hearing, struck the answer as to the second affirmative defense, struck the cross-complaint under the provisions of Code of Civil Procedure, section 338, and denied the motion for a summary judgment, leaving as the issues:

"1. Whether the deed described was given?

"2. Whether there was consideration given for it?

"3. Whether there was a mistake in description made by the parties?

"4. When, if at all, the mistake was discovered?

"5. Whether E. D. Seymour delivered a deed to himself and wife on or about December 21, 1938?

"6. What interests, if any, the respective parties have in the property described as Government Lots 8 and 9 of Section 2. . . ."

The case then went to trial before the present judge. Certain evidence was received which is not indicated by the

record. The trial judge filed a written memorandum opinion stating that Judge Gabbert had stricken the cross-complaint and the issue raised by the answer regarding the second affirmative defense. The complaint and remaining portions of the answer were then considered by Judge Bucciarelli. The case was submitted and, after considering the evidence, Judge Bucciarelli determined that the deed to plaintiff E. D. Seymour was duly executed and delivered by J. D. Cariker for adequate legal consideration; that the description in the deed delivered did not correctly describe the land intended to be granted and excepted; that such mistake was not discovered until November 1959; that plaintiffs' cause of action was not barred by the statute of limitations and neither plaintiff was guilty of laches; that defendant had no interest in the real property involved and the deed should be reformed; and that all the allegations of defendant's answer were untrue. Findings were signed accordingly. It was also found that plaintiff Bessie A. Seymour has an interest in the real property involved as the surviving joint tenant and widow of E. D. Seymour. A motion for new trial was denied and defendant appealed. There were no specific findings pertaining to the allegations or issues attempted to be raised by the second affirmative defense or on the cross-complaint and the judgment made no reference thereto.

Defendant states in her brief that the question as to whether plaintiffs were guilty of laches and whether a consideration was given were factual questions and not subject to review on the judgment roll alone, but she relies upon her appeal from the judgment entirely on the contention that the trial court erred in striking the second affirmative defense in the answer (coming into court with unclean hands and claimed fraud) and in failing to make any finding upon the issue raised by such pleading. She cites such authorities as *De Burgh* v. *De Burgh,* 39 Cal.2d 858 [250 P.2d 598]; *Taylor* v. *Taylor,* 192 Cal. 71 [218 P. 756, 51 A.L.R. 1074]. She argues that, this being an equitable action, the question of good faith was properly raised and the court should have found on the subject. (Citing *Tyler* v. *Larson,* 106 Cal. App.2d 317 [235 P.2d 39]; *DeGarmo* v. *Goldman,* 19 Cal.2d 755 [123 P.2d 1].) The argument is that the purpose of the statute of limitations is to bar actions and not to suppress or deny matters of defense, whether legal or equitable. (Citing 34 Am.Jur. § 63, pp. 57-58; *Estate of Cover,* 188 Cal. 133 [204 P. 583]; *J. B. Colt Co.* v. *Freitas,* 76 Cal.App. 278 [244 P. 916].)

■ Under the cases and limitations cited as to commencement or maintenance of an action to recover real property under the cross-complaint, it must appear that the party was seized or possessed of the property within five years before the commencement thereof. Apparently, the trial court properly struck the cross-complaint on this ground, since the showing was that more than five years had intervened.

It might well appear from these authorities that defendant would nevertheless be entitled to defend an equitable action for reformation of the deed on grounds which are material and necessarily included within the issues involved, and this covers the defense of fraud as well. Defendant alleged unclean hands and claimed acts of fraud. (*Stiles* v. *Bodkin*, 43 Cal.App.2d 839 [111 P.2d 675] ; *Cox* v. *Schnerr*, 172 Cal. 371 [156 P. 509].) Plaintiff Bessie A. Seymour claims in her brief that evidence was produced at the trial both by plaintiffs and defendant bearing on the question of good faith and unclean hands in the execution of the deed.

■ ''The 'clean hands' rule is of ancient origin and given broad application. . . . 'It is not strictly or primarily a matter of defense, but is invoked on grounds of public policy and for the protection of the integrity of the court.' ■ . . . 'His acts need not have been such as to constitute a crime, punishable, be ''actually fraudulent,'' or be the basis of a cause of action. Within the purview of the maxim, the hands of the litigant are rendered unclean by conduct which is ''condemned and pronounced wrongful by honest and fair-minded men.'' ' . . . ■ 'Any unconscientious conduct upon his part which is connected with the controversy will repel him from the forum whose very foundation is good conscience. . . . ■ The burden is on the one coming into a court of equity for relief to prove not only his legal rights but his clean hands, and he may not rely on any deficiencies that may be laid at the door of the defendants.' '' (*Katz* v. *Karlsson*, 84 Cal.App.2d 469, 474, 475 [191 P.2d 541].)

■ However, since both the claim of unclean hands and fraud claimed in the second affirmative defense in the answer were stricken, we believe this to be error, and from the general statement of the trial judge that he did not therefore consider any evidence on the subject, and that no special findings thereon were made, the issue was not fully determined. While the finding that the deed of July 9, 1936, was duly executed and delivered might well support the

judgment entered if, as indicated, the issue as set forth in the second affirmative defense was not allowed to be presented, the finding of due execution and delivery might well be affected.

■ Since a reversal is necessary, it might be well to state that in reading the briefs and pretrial order, it came to our attention that plaintiff E. D. Seymour died shortly after the action was commenced. Apparently, an administrator of his estate was appointed but there was no substitution or appearance in the present action by him. This should have been done. (Code Civ. Proc., § 385; *Boyd* v. *Lancaster,* 32 Cal. App.2d 574, 579 [90 P.2d 317]; *Stockton Morris Plan Co.* v. *Carpenter,* 18 Cal.App.2d 205 [63 P.2d 859]; California Rules of Court, rule 48(a).*) It does not appear that the so-called stipulation went so far as to agree that any judgment rendered would be binding on the administrator or that the necessity for the appointment of an administrator was completely waived. Judgment was in favor of the dead man and his wife and all parties knew at the time that he was dead. Plaintiffs prevailed in the lower court. The deed of July 9, 1936, giving title to E. D. Seymour, individually, of all but 10 acres of land was reformed to include the 10 acres. The joint tenancy deed to plaintiff, Bessie A. Seymour, did not include this 10 acres. Possibly this acreage would still be subject to disposition in the estate in case of reformation of the original deed here involved. Therefore it appears that a substitution should have been made of the administrator as a party to this action in the lower court. (*Maxon* v. *Avery,* 32 Cal.App.2d 300 [89 P.2d 684]; *Smith* v. *Bear Valley etc. Co.,* 26 Cal.2d 590 [160 P.2d 1]; *Hamilton* v. *Hamilton,* 83 Cal. App.2d 771 [189 P.2d 722]; *Brockman* v. *Wagenbach,* 152 Cal.App.2d 603, 617 [313 P.2d 659].) A new trial should be had.

Judgment reversed.

Coughlin, J., and Stone, J.,† concurred.

---

*Formerly Rules on Appeal, rule 48(a).
†Assigned by Chairman of Judicial Council.