[Civ. No. 27707.   Second Dist., Div. Two.   Oct. 11, 1963.]

JAMES R. McCLENNY, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent; FARMERS AND MERCHANTS TRUST COMPANY OF LONG BEACH, as Special Administrator, etc., et al., Real Parties in Interest.

Brock & Shapero and Edwin S. Saul for Petitioner.

No appearance for Respondent.

James A. Hayes, John D. Miller and Clyde L. Bronn for Real Parties in Interest.

HERNDON, J.—■ This court issued its alternative writ of prohibition upon petitioner's allegations to the effect that respondent court was acting in excess of its jurisdiction in refusing to grant petitioner's motions (1) to dismiss the pending divorce action following the death of his wife, the plaintiff therein; (2) to terminate the receivership existing in the action, and (3) to prohibit the substitution of the special administrator of the estate of the deceased plaintiff in her place and stead.[1] Petitioner herein further alleged that he had "no other adequate remedy at law. His property is presently bound in the hands of the Receiver. His home is

---

[1]The special administrator of the estate of the deceased wife had filed a complaint in intervention in the divorce action prior to its substitution as party plaintiff. The necessity for such complaint may now be questioned, but, since the trial court has not yet acted upon petitioner's demurrer and motion to strike this complaint, no issue thereon is presently before us. It also appears that a contempt proceeding is pending against the petitioner (*McClenney* v. *Superior Court*■ (Cal.App.) 33 Cal. Rptr. 38 (hearing granted, October 9, 1963)), but the effect, if any, which the death of the wife may have upon this proceeding likewise is not before us, and we express no opinion thereon.

under foreclosure and unless he obtains speedy relief from the Court, he will suffer irreparable damage.''

Upon oral argument, however, petitioner took a position which is completely inconsistent with the allegations of his petition. The statement of petitioner's counsel was as follows: ''We are not suggesting that, or request that, the case be terminated forthwith, that the receiver be dismissed forthwith. But we are stating that the receiver's duties are limited to the preparation of his final account and anything else that may be required, in order that his duties be terminated and all his activities be directed toward that one single purpose, with the exception that the Court does not have jurisdiction to go beyond any orders which may be required for the purpose of termination.'' Petitioner further stated:

''In the first place, we have not maintained that the receiver give up title to his property and turn anything over until the community interest is determined, and I think I announced at the very outset we are asking for very limited relief here, and the relief that we are asking for is that the court in the divorce action not determine the community interest, if any, of the estate. Now it is perfectly agreeable to us that the receiver retain possession until the community interest be determined, and in the proper forum. We never objected to that.''[2]

Petitioner's complete change in position makes it manifest that no error was committed by the trial court, and that it did not act in excess of its jurisdiction in refusing to grant petitioner's motions seeking the immediate entry of a judgment of dismissal, with costs, and a discharge of the receiver. This is particularly true in view of the fact that the last statement above quoted was made immediately after counsel for the receiver, one of the real parties in interest herein, had advised this court that the trial judge had said ''that he was going to see that the receivership was wound up, dissolved and terminated and wasn't considering trying any title, doing anything other than was necessary to settle the accounts of the receiver and get the action terminated, and I suppose that would include under the *Darter* v. *Magnussen* decision [172 Cal.App.2d 714 (342 P.2d 528)] enforcing such judgments as had been made prior to her death.''

Petitioner's final contention regarding the power of

---

[2]Petitioner urged that the probate court was the proper forum for this determination.

the trial court to permit the substitution of the special administrator is, of course, wholly without merit. Both the propriety and the necessity of such substitutions in appropriate cases has long been recognized. (*Kress* v. *Kress,* 219 Cal. App.2d 173, 174 [33 Cal.Rptr. 77]; *Newhall* v. *Melone,* 199 Cal.App.2d 121, 125 [18 Cal.Rptr. 476, 19 Cal.Rptr. 28]; *Wiley* v. *Wiley,* 183 Cal.App.2d 588, 589 [7 Cal.Rptr. 73]; *Darter* v. *Magnussen, supra,* 172 Cal.App.2d 714, 716; *Olson* v. *Olson,* 148 Cal.App.2d 479, 486 [306 P.2d 1036]; *Hamilton* v. *Hamilton,* 83 Cal.App.2d 771, 774 [189 P.2d 722]; *Cohn* v. *Stanford,* 131 Cal.App. 463, 464 [21 P.2d 464].) Certainly the estate of the deceased plaintiff should be represented in the instant action until the receivership has been appropriately terminated.

The petition for peremptory writs of prohibition and mandate is denied and the alternative writ heretofore issued is discharged.

Fox, P. J., and Ashburn, J., concurred.

A petition for a rehearing was denied November 6, 1963.