[No. B058585. Second Dist., Div. Five. June 25, 1992.]

STEPHEN E. SACKS, Plaintiff and Appellant, v.
FSR BROKERAGE, INC., et al., Defendants and Respondents.

■■■■■■■■■■■■■■■■■■■

## COUNSEL

Rose & Brutocao, Robert J. Rose and William J. Brutócao for Plaintiff and Appellant.

Laffin, Loeterman, Shulkin & Warner and Samuel H. Kraemer for Defendants and Respondents.

## OPINION

**BOREN, J.**—After purchasing a house located at 3009 Vista Crest Drive in Los Angeles for $295,000, appellant Stephen E. Sacks sued the sellers (Jay and Joan Morgenstern) and respondents FSR Brokerage, Inc. (doing business as Fred Sands Realtors), Glen Gaither and Richard Beck. Respondents Gaither and Beck were the salespersons for respondent FSR Brokerage, Inc.[1] Sacks's complaint alleged that the 75-year-old house he purchased came with a defective foundation, inadequate or defective plumbing and heating, and no insulation. The complaint asserted causes of action for fraud, misrepresentation, breach of fiduciary duty, breach of contract, negligence and intentional infliction of mental distress. The trial court granted respondents' motion for summary judgment against Sacks.

Because the trial court properly found Sacks had sufficient notice of the motion, because Sacks failed in the trial court to argue the merits of the motion, and because Sacks was not prejudiced by the death of respondent Gaither, we affirm the judgment.

### PROCEDURAL FACTS

On March 12, 1991, respondents filed a motion for summary judgment or, alternatively, for summary adjudication of issues and noticed the hearing on the matter for April 9, 1991. The motion for summary judgment was based on the alleged absence of any triable issue of material fact. The alternative request for summary adjudication of issues addressed, in pertinent part, the alleged absence of any misrepresentations by respondents or reliance by Sacks on any representations regarding the insulation, plumbing or foundation, and the absence of any duty, breach of any duty, acts or causation by

---

[1] Inasmuch as defendant Gaither died before judgment was entered in this matter, it may be technically and practically incorrect to refer to him as a respondent. We do so for convenience, and his status as a party is addressed elsewhere in this opinion. The sellers and the other defendants named in the complaint (e.g., Housemasters of America, a home inspection company) are not parties to this appeal.

respondents regarding various causes of action. The motion was supported by points and authorities and various exhibits, including declarations, contract documents, escrow instructions, inspection reports and deposition excerpts. Accompanying the motion for summary judgment or summary adjudication of issues, respondents also filed an extensive statement of undisputed facts, pursuant to Code of Civil Procedure section 437c, subdivision (b).

On March 28, 1991, Sacks filed a brief response and objection to the motion for summary judgment based on the absence of jurisdiction because of purportedly inadequate service. Sacks alleged that service by mail on March 12, 1991, of the notice of motion was inadequate because it was not at least 33 days before the date noticed for the hearing (Code Civ. Proc., § 437c, subd. (a)) and that the personal service was required to be within the requisite "28 days before the time appointed for hearing." As to the personal service, Sacks asserted (but not in a declaration) that respondents' counsel "has alleged in a telephone conversation with [Sacks's] counsel that [respondents] had served the motion by personal service prior to that date [March 12, 1991]. However, [respondents] also admitted that it was served at an address that is almost a year old." Sacks's opposition to the motion for summary judgment did not specifically deny timely personal service by respondents.

On April 2, 1991, respondents filed a reply in support of the motion for summary judgment or summary adjudication of issues. Respondents pointed out that Sacks had provided the court "with not one single disputed issue, not one single disputed fact and not one shred of evidence to dispute anything set forth by [respondents]." Respondents specifically noted that Sacks failed to dispute that prior to purchasing the property Sacks hired a licensed inspector to inspect the property, that Sacks personally inspected the property numerous times, that Sacks signed several agreements exculpating respondents from any liability, and that Sacks had testified that he relied on the representations of his inspector and not the representations of respondents.

Regarding the timeliness of service, respondents urged that, as indicated in the proof of personal service, it had personally served Sacks at his counsel's address of record (as noted on the complaint) within 28 days before the hearing date. Respondents further argued that Sacks never filed a notice of change of address informing respondents of any address change, that Sacks had served a document as recently as February 27, 1991, which confirmed the address where respondents served their motion, and that all other parties continued to serve Sacks at that same address of record of his

counsel (i.e., Stuart Hirsh at 8383 Wilshire Blvd., suite 900, Beverly Hills, CA 90211).[2] Respondents alleged that Hirsh had moved to another suite (suite 1030) but told no one, although he had a responsibility to advise other counsel of his address change. (See Cal. Rules of Court, rule 385.)

The declaration of Attorney Samuel H. Kraemer, counsel for respondents, indicated Hirsh called Kraemer on another matter regarding this case and during that conversation this summary judgment motion "was brought up and [Kraemer] was informed for the first time that Mr. Hirsh had moved." Respondents thus contended that Hirsh admitted he received the summary judgment motion by March 13, 1991, and therefore had the requisite 14 days (Code Civ. Proc., § 437c, subd. (b)) to file his opposition when he filed it on March 27, 1991. Respondents therefore argued that since Sacks had the requisite notice and service but chose not to file opposition to the substance of respondents' summary judgment motion, the motion should be granted.

On April 9, 1991, respondents' motion was argued, submitted, and thereafter granted by the trial court. The court's minute order stated, in pertinent part, as follows: "It appears from the proof of service filed with the court that plaintiff [Sacks] was given timely notice of this motion at [his] counsel's address of record . . . [m]oving party has adequately supported each of its issues. Plaintiff has failed to offer any contrary evidence [or] arguments in opposition."

On April 16, 1991, Sacks filed a motion for reconsideration in which Hirsh declared that he had moved his offices on June 1, 1990, from suite 900 to suite 1030 of the same building. Hirsh declared that he "did not receive constructive notice of [the motion for summary judgment] until March 13, 1991," that on March 13, 1991, he received a telephone call from Attorney Kraemer inquiring if he had received the summary judgment motion, that Kraemer "was informed" that Hirsh had not received it, and that the next morning Hirsh "found a copy of the motion on the receptionist[']s desk."

On May 3, 1991, respondents filed an opposition to the motion for reconsideration, noting no new facts were alleged in support of the motion, as required by Code of Civil Procedure section 1008. The opposition was also supported by another declaration by Kraemer, which stated that "[o]n March 12, 1991, [respondents'] motion for summary judgment was personally served on the address of record of [Sacks's] attorney" and which disputed several of Hirsh's factual allegations.

On May 10, 1991, the trial court denied the motion for reconsideration. The court's minute order stated, "[N]o new facts. Even if reconsideration

---

[2]As indicated in Sacks's opposition to the motion for summary judgment, Hirsh's new office was at that same street address but in suite 1030.

were to be granted, moving party has never offered any opposition on the merits. All indications are that service was proper. Proof of Service shows that motion [was] personally served 28 days before the hearing at the Address of record of plaintiff's attorney."

Judgment was thereafter entered in favor of respondents, and Sacks appeals.

## DISCUSSION

### I. *Death of a Party, Respondent Glen Gaither*

 Sacks requests that we take judicial notice of the death of respondent Gaither, who was one of respondent Fred Sands Realtors' salespersons, and that we hold that the trial court had no jurisdiction to enter any judgment as to Gaither. We grant the unopposed request for judicial notice of the death certificate of Gaither (Evid. Code, §§ 459, 452; *People* v. *Terry* (1974) 38 Cal.App.3d 432, 439 [113 Cal.Rptr. 233]), which reveals that Glen A. Gaither died on February 19, 1990, as a result of cardiorespiratory arrest due to AIDS.[3] However, we reject Sacks's contention that we must reverse the judgment as to Gaither on account of his death.

The statutes of this state make clear that Sacks's lawsuit and causes of action against Gaither may survive Gaither's death. Section 385 of the Code of Civil Procedure provides, in pertinent part: "An action or proceeding does not abate by the death . . . of a party . . . if the cause of action survives or continues. In case of the death . . . of a party, the court, on motion, may allow the action or proceeding to be continued . . . against his or her [personal] representative." In harmony with the foregoing provision is Probate Code section 573, subdivision (a), which provides: "Except as provided in this section, no cause of action is lost by reason of the death of any person, but may be maintained by or against the person's personal representative."[4] In the present matter, the trial court, upon a proper motion of any party, could have permitted the action to continue against Gaither's personal

---

[3]Gaither died more than a year before counsel for respondents filed the summary judgment motion. Sacks also alleges that Gaither died a month after counsel for respondents obtained Gaither's declaration. The record does not indicate that Gaither's death was disclosed to the trial judge.

[4]Probate Code section 9370 (formerly Prob. Code, § 709) sets forth the conditions under which a plaintiff may continue an action against the decedent's personal representative. Section 9370 provides: "(a) An action or proceeding pending against the decedent at the time of death may not be continued against the decedent's personal representative unless all of the following conditions are satisfied: [¶] (1) A claim is first filed as provided [by Probate Code sections 9000-9399]. [¶] (2) The claim is rejected in whole or in part. [¶] (3) Within three months after the notice of rejection is given, the plaintiff applies to the court in which the

representative or insurer (if applicable). (*Herring* v. *Peterson* (1981) 116 Cal.App.3d 608, 612 [172 Cal.Rptr. 240].)

As a general proposition, it is true, as Sacks contends, that under these provisions judgment cannot be rendered for or against a decedent, nor can it be rendered for or against a personal representative of a decedent's estate, until the representative has been made a party by substitution. (*Johnson* v. *Simonelli* (1991) 231 Cal.App.3d 105, 107, fn. 1 [282 Cal.Rptr. 205]; *Herring* v. *Peterson, supra,* 116 Cal.App.3d 608, 611-612.) A long line of cases has therefore allowed direct attack upon a judgment obtained without substitution of a personal representative after a party has died. (See *Leavitt* v. *Gibson* (1935) 3 Cal.2d 90 [43 P.2d 1091]; *Estate of Edwards* (1978) 82 Cal.App.3d 885 [147 Cal.Rptr. 458]; *Polony* v. *White* (1974) 43 Cal.App.3d 44 [117 Cal.Rptr. 341], *Bliss* v. *Speier* (1961) 193 Cal.App.2d 125 [13 Cal.Rptr. 847]; *Boyd* v. *Lancaster* (1939) 32 Cal.App.2d 574 [90 P.2d 317].)[5] In California, the rule can be traced back to the early Supreme Court decision in *Judson* v. *Love* (1868) 35 Cal. 463, which observed that the proceedings after the death of the defendant were "irregular and void as to him and his successors in interest. . . ." (*Id.* at p. 467.) However, this general proposition has not been applied blindly, but rather has acted to prevent prejudice to the parties because of lack of notice, lack of proper representation, or some other disadvantage.

In *Judson,* the defendant died immediately after a verdict in his favor but before the plaintiff brought his unsuccessful motion for new trial from which plaintiff appealed. The personal representative had not been made a party

action or proceeding is pending for an order to substitute the personal representative in the action or proceeding. This paragraph applies only if the notice of rejection contains a statement that the plaintiff has three months within which to apply for an order for substitution. [¶] (b) No recovery shall be allowed in the action against property in the decedent's estate unless proof is made of compliance with this section."

The Law Revision Commission comment regarding the 1990 enactment of Probate Code section 9370 states, in pertinent part: "The personal representative must notify creditors, including plaintiffs in actions against the decedent, if the personal representative has actual knowledge of the creditor. See Section 9050 (notice required). In addition, the substitution requirement applies only if the personal representative notifies plaintiffs whose claims are rejected of the requirement."

Substitution of the deceased's insurer as a party in place of the deceased is discussed in Probate Code sections 550 through 555.

[5]There is an equally long line of cases disallowing collateral attacks upon such judgments. (*Todhunter* v. *Klemmer* (1901) 134 Cal. 60, 63 [66 P. 75]; *Martin* v. *Wagner* (1899) 124 Cal. 204, 205 [56 P. 1023]; *Wallace* v. *Center* (1885) 67 Cal. 133, 134 [7 P. 441]; *Tyrrell* v. *Baldwin* (1885) 67 Cal. 1, 4-5 [6 P. 867]; *Phelan* v. *Tyler* (1883) 64 Cal. 80, 82-83 [28 P. 114]; *Machado* v. *Flores* (1946) 75 Cal.App.2d 759, 761-763 [171 P.2d 440]; *Garrison* v. *Blanchard* (1932) 127 Cal.App. 616 [16 P.2d 273]; *Hogan* v. *Superior Court* (1925) 74 Cal.App. 704 [241 P. 584].)

either as to the motion for new trial or as to the appeal. Thus, the interests of the estate of the decedent were not represented. For that reason, the Supreme Court let the judgment in favor of the decedent stand and dismissed the appeal. (*Judson* v. *Love, supra,* 35 Cal. at p. 467.)

In *Leavitt* v. *Gibson, supra,* 3 Cal.2d 90, one of the defendants died after all evidence had been presented but before the plaintiff's reply brief had been filed in the trial court. The trial court entered judgment nunc pro tunc in favor of the *plaintiff* as of the date that presentation of evidence had been completed. The Supreme Court affirmed and found the judgment was a proper and just one because the evidence was complete and the trial judge could have decided the case on the nunc pro tunc date. (*Id.* at p. 106.) Significantly, however, the Supreme Court also upheld the judgment because there had been no prejudice to the parties, recognizing that, since the defendant had already filed his brief before he died, the plaintiff's failure to file a reply brief made no difference. (*Id.* at pp. 106-107.)

In contrast to the decision in *Leavitt* stands that in *Boyd* v. *Lancaster, supra,* 32 Cal.App.2d 574. In *Boyd,* the trial court entered a judgment nunc pro tunc in favor of the defendant and as to a date preceding the plaintiff's death. The Court of Appeal reversed because the personal representative had not been substituted for the decedent before the trial court determined a key issue. Thus, the estate did not have an adequate opportunity to contest the evidence concerning the fulfillment of a condition imposed by a prior court order and to answer concerning the issue. (*Id.* at pp. 579-581.)

The California Supreme Court in *Collison* v. *Thomas* (1961) 55 Cal.2d 490 [11 Cal.Rptr. 555, 360 P.2d 51], likewise applied a harmless error analysis and affirmed a judgment in a quiet title action after one of the defendants, an administratrix of an estate, had died. The administratrix had died before presentation of evidence was complete although a new personal representative was substituted before the trial court entered judgment. The Supreme Court observed that "[a]ppellants can show no prejudice from the fact that a portion of the evidence was introduced after her [the administratrix's] death, and in the absence of prejudice the purely technical error, if it was error under the circumstances, in proceeding with the trial after her death and basing the findings and judgment on the evidence so received does not furnish ground for reversal. (*Smith* v. *Bear Valley etc. Co.* [1945] 26 Cal.2d 590, 602 [160 P.2d 1].)" (*Collison* v. *Thomas, supra* at p. 496.)

The trial court in *Smith* v. *Bear Valley etc. Co., supra,* 26 Cal.2d 590, pursuant to the mandatory provisions of the five-year statute (Code Civ. Proc., § 583), had dismissed the plaintiffs' case for lack of diligent prosecution. On appeal, the plaintiffs argued, as Sacks does in the case at bench, that

the trial court lacked authority to render judgment for or against the decedent in view of the fact of his death and absence of substitution of his personal representative. The Supreme Court refused to engage in an extended discussion of the cases discussing the general rule and observed that "it is apparent that no prejudice has resulted to plaintiffs from the failure to order the substitution." (*Smith* v. *Bear Valley etc. Co., supra*, at p. 602.)

In the case at bench, error, if any, could at most be a technical one, as to which the death of Gaither could not have had the slightest effect. Sacks had a full and complete opportunity to marshal all of his evidence in opposition to respondents' motion for summary judgment but chose not to do so for reasons wholly unrelated to Gaither or his death. The death was not disclosed by anyone to the trial judge, who had no occasion to consider that circumstance. Assuming Gaither left an estate of any substance, certainly the estate is not prejudiced by the judgment of dismissal of this action. We therefore can find no prejudice to any of the parties in this case, and Sacks has not claimed any.

Cases relied on by Sacks do not stand for the proposition that the death of a party automatically renders an ensuing judgment void or voidable even in the absence of prejudice. In *Boyd* v. *Lancaster, supra*, 32 Cal.App.2d 574, as was noted above, the estate was prejudiced by an adverse verdict without an adequate opportunity to contest the fulfillment of a condition imposed by previous court order. The court in *Bliss* v. *Speier, supra*, 193 Cal.App.2d 125, seems not to have considered the issue of prejudice and indeed cites neither *Collison* v. *Thomas, supra*, 55 Cal.2d 490, nor *Smith* v. *Bear Valley etc. Co., supra*, 26 Cal.2d 590. ▪ "[A] decision does not stand for a proposition not considered by the court." (*People* v. *Harris* (1989) 47 Cal.3d 1047, 1071 [255 Cal.Rptr. 352, 767 P.2d 619]; *Ginns* v. *Savage* (1964) 61 Cal.2d 520, 524, fn. 2 [39 Cal.Rptr. 377, 393 P.2d 689].) ▪ Finally, in *Herring* v. *Peterson, supra*, 116 Cal.App.3d 608, the plaintiff was prejudiced by the death of the defendant since the case was dismissed pursuant to the five-year mandatory statute (Code Civ. Proc., § 583, subd. (f)), even though the statute, under its terms, was automatically tolled by the death (i.e., the decedent was not amenable to process).[6]

Since we find that no party has suffered prejudice by reason of Gaither's untimely death, we need not reverse the judgment in favor of Gaither.

---

[6]Although the decision in *Herring* appears inconsistent with the decision in *Smith* v. *Bear Valley etc. Co., supra*, 26 Cal.2d 590, it is not. After the decision in *Bear Valley*, the Legislature amended the five-year mandatory dismissal statute to provide that the statute is tolled whenever "[t]he defendant was not amenable to the process of the court." (Code Civ. Proc., § 583.240, subd. (a), formerly Code Civ. Proc., § 583, subd. (f).)

(*Collison* v. *Thomas*, *supra*, 55 Cal.2d 490, 496; *Smith* v. *Bear Valley etc. Co.*, *supra*, 26 Cal.2d 590, 602.)

## II. *Statement of Reasons for Summary Judgment*

■ Sacks urges that the trial court's order granting summary judgment failed to comply with Code of Civil Procedure section 437c, subdivision (g) (as amended eff. Jan. 1, 1991), which provides, in pertinent part, as follows: "Upon the grant of a motion for summary judgment, on the ground that there is no triable issue of material fact, the court shall, by written or oral order, specify the reasons for its determination. The order shall specifically refer to the evidence proffered in support of, and if applicable in opposition to, the motion which indicates that no triable issue exists. The court shall also state its reasons for any other determination. The court shall record its determination by court reporter or written order." Sacks faults the court's order because it did not specifically refer to the evidence proffered in support of the motion.

Admittedly, the court's order simply indicated it granted the motion because the "[m]oving party has adequately supported each of its issues," and the order failed to specifically refer to the evidence proffered. However, the court also granted summary judgment because Sacks "has failed to offer any contrary evidence [or] arguments in opposition."

The motion for summary judgment was thus granted not merely because the moving party had adequately supported each of its issues but also because Sacks offered no "contrary evidence [or] arguments in opposition." Such opposition is required by statute to have been accompanied by a separate statement of disputed facts, which obviously was not provided since no substantive opposition was filed.[7] "Failure to comply with this requirement of a separate statement may constitute a sufficient ground, in the court's discretion, for granting the motion." (Code Civ. Proc., § 437c, subd. (b).) The court therefore did not err in not specifically referring to evidence bearing upon the conclusion that no triable issues of fact existed. The trial

---

[7]Code of Civil Procedure section 437c, subdivision (b) provides, in pertinent part, as follows: "The opposition, where appropriate, shall consist of affidavits, declarations, admissions, answers to interrogatories, depositions, and matters of which judicial notice shall or may be taken. The opposition papers shall include a separate statement which responds to each of the material facts contended by the moving party to be undisputed, indicating whether the opposing party agrees or disagrees that those facts are undisputed. The statement also shall set forth plainly and concisely any other material facts which the opposing party contends are disputed. Each material fact contended by the opposing party to be disputed shall be followed by a reference to the supporting evidence. Failure to comply with this requirement of a separate statement may constitute a sufficient ground, in the court's discretion, for granting the motion."

court's order was consistent with the procedural requirements of the summary judgment statute regarding the necessity of a separate statement of disputed facts. Moreover, Sacks's response amounted to more than a mere defect in the opposition papers (cf. *Gilbertson* v. *Osman* (1986) 185 Cal.App.3d 308, 315 [229 Cal.Rptr. 627]); it was a conscious and fundamental choice to fail to respond substantively and on the merits, a choice which warranted the court's grant of summary judgment.

## III. *Sufficiency of the Notice of the Motion for Summary Judgment*

Sacks contends that personal service was defective and notice therefore insufficient because the proof of service form filed by respondents indicated that Attorney Hirsh (counsel for Sacks) was personally served at his office at 8383 Wilshire Boulevard, suite 900, when on the date of service Hirsh had previously moved to a new office, suite 1030, in the same building. According to Sacks, it was therefore purportedly impossible to have personally delivered by hand the motion "to the addressee," Hirsh, as stated in the proof of service.

Respondents never provided a declaration from the person who personally served Hirsh explaining the circumstances of the service. However, the proof of service contained a declaration by the person who personally served Hirsh which indicated that on March 12, 1991, the server "delivered such envelope by hand to the addressee." Although Hirsh presented evidence that he had relocated to another office in the same building and claims on appeal it was "a physical impossibility for the envelope to have been personally" delivered to the addressee, Hirsh never stated in his declaration that he did not receive actual notice and personal service on March 12, 1991.[8] Accordingly, apart from Hirsh's failure to advise other counsel of his move to another suite (Cal. Rules of Court, rule 385), the trial court was warranted in accepting as true the declaration that "the addressee" was personally served and that service was proper.

## IV. *Evidence Regarding the Merits of the Summary Judgment Motion*

Sacks urges that even when no opposition is filed, summary judgment should be denied where the record before the trial court demonstrates at least one triable issue of a material fact. (See *United Community Church* v. *Garcin* (1991) 231 Cal.App.3d 327, 338 [282 Cal.Rptr. 368]; *Witchell* v. *De Korne* (1986) 179 Cal.App.3d 965, 977 [225 Cal.Rptr. 176].) Sacks thus argues belatedly and for the first time on appeal the merits of his substantive

---

[8]Hirsh merely declared that during a telephone conversation on March 13, 1991, counsel for respondents "was informed that I had not received" the summary judgment motion.

claim. He asserts that respondents owed an independent duty to him to conduct a reasonably diligent inspection of the allegedly defective home and to disclose any material information. Respondents contend that Sacks presents arguments about the existence of allegedly disputed facts which were not previously raised and which improperly and extensively refer to Sacks's deposition transcript which was never cited to the trial court.

■ It is well settled that "in reviewing a summary judgment, the appellate court must consider only those facts before the trial court, disregarding any new allegations on appeal. [Citation.] Thus, possible theories that were not fully developed or factually presented to the trial court cannot create a 'triable issue' on appeal. [Citations.]" (*American Continental Ins. Co.* v. *C & Z Timber Co.* (1987) 195 Cal.App.3d 1271, 1281 [241 Cal.Rptr. 466]; see Green v. *Green* (1963) 215 Cal.App.2d 37, 46 [30 Cal.Rptr. 23].)
■ Although respondents apparently lodged Sacks's entire deposition with the superior court clerk as a procedural matter[9] and it was lodged with this court upon Sacks's motion, the entire deposition was not received as an exhibit before the trial court. Only excerpts from the deposition were offered by respondents in support of their motion. Nothing in the record indicates that the entire deposition was introduced into evidence.

In *Howe* v. *Pioneer Mfg. Co.* (1968) 262 Cal.App.2d 330 [68 Cal.Rptr. 617], the court observed in the context of a summary judgment motion that nothing indicated that the deposition in question had either been filed with the court, though filing was required by statute, or offered in evidence, except to the extent that the party supplied deposition excerpts. "A deposition may be used to support or oppose a motion for summary judgment where made part of the record by stipulation. [Citation.] Under the circumstances of this case, however, the mere references to 'pleadings, records and files' in the notice of motion, and to 'the papers or records on file or lodged with the Clerk' in the designation of papers or records on appeal, will not suffice to show that the entire depositions were received as exhibits or evidence at the hearing and therefore should be considered on this appeal. *Review is limited to those portions of the depositions which were abstracted and placed before the court in the affidavit and in the declaration filed in connection with the motion.*" (*Id.* at p. 336, italics added.)

Here, references in the clerk's transcript to respondents' "Notice of Lodging" of Sacks's deposition do not establish that the trial court had before it Sacks's entire deposition. Sacks's entire deposition was not among the items requested by the parties for inclusion in the clerk's transcript, and the

[9]Several documents filed by respondents and contained in the clerk's transcript indicate that a "Notice of Lodging of the Deposition of Stephen E. Sacks" was filed.

two-volume deposition provided on appeal contains no superior court stamp. Any substantive issues or factual assertions Sacks may have to support his complaint which are supported by his deposition could have been argued on the merits to the trial court. Sacks failed to do so at trial and cannot now belatedly argue such matters on appeal.

## DISPOSITION

The judgment is affirmed. Appellant is to bear the costs on appeal.

Ashby, Acting P. J., and Grignon, J., concurred.