**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Hashim MUHAMMAD, Defendant—
Appellant.**

**No. 03–50565.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 14, 2004.

Decided Nov. 17, 2004.

Beong–Soo Kim, AUSA, USLA—Office of The U.S. Attorney, Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

Callie Glanton Steele, Esq., FPDCA—Federal Public Defender's Office, Los Angeles, CA, for Defendant–Appellant.

Before: THOMPSON, SILVERMAN, and WARDLAW, Circuit Judges.

MEMORANDUM *

Defendant–Appellant Hashim Muhammad appeals the district court's revocation of his term of supervised release. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742, and we affirm.

Because the parties are familiar with the facts, we recite them only as necessary for this decision.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

■ Muhammad contends he could not have violated California Penal Code § 273.6 (intentional and knowing violation of a protective order), because the order he is alleged to have violated was invalid. The proof of service of the notice of the July 21, 2003 hearing contained an invalid address for the process server. Because of this defect, Muhammad argues that the Notice, the July 21, 2003 hearing, and the resulting protective order are invalid. We disagree. The invalid address for the process server is a minor defect, and does not render the notice of hearing ineffective. *See Sacks v. FSR Brokerage, Inc.*, 7 Cal. App.4th 950, 9 Cal.Rptr.2d 306, 312–13 (1992) (trial court did not err when it accepted as true the proof of personal service despite error on the proof of service form that indicated an incorrect address for the respondents alleged to have been served).

The notice of the hearing was valid, and proof of its service on Muhammad was adequate. Because Muhammad does not contend he was not served with the notice and there is no evidence in the record suggesting he did not receive actual notice of the July 21, 2003 hearing, we conclude that the protective order was valid. Given the validity of the protective order, Muhammad was required by state law to comply with it so long as he had actual notice of both its existence and its terms. Cal. Pen.Code § 836(c)(2). The evidence established that he had such notice.

■ Although there is no evidence that Muhammad was personally served with a copy of the protective order, he was informed by his probation officer that a protective order had been entered against him and that it prohibited him from calling his wife or otherwise having personal contact with her. Despite this notification, which Muhammad indicated he understood, Muhammad nonetheless disregarded the conditions of the protective order by going to his wife's home and initiating personal contact with her. Accordingly, the district court did not err in determining that Muhammad was not denied due process and that he violated the terms of his supervised release by violating California Penal Code § 273.6.

AFFIRMED.