Filed 12/15/21  In re R.L. CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

| | |
|---|---|
| In re R.L., a Person Coming Under the Juvenile Court Law. | 2d Juv. No. B312421 (Super. Ct. No. J072630) (Ventura County) |
| VENTURA COUNTY HUMAN SERVICES AGENCY,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>B.G.,<br><br>    Defendant and Appellant. | |

B.G. (Mother) appeals an order of the juvenile court terminating her parental rights to R.L., her child.  (Welf. & Inst. Code, §§ 300, subd. (b)(1), 366.26.)[1]  The court found the Indian Child Welfare Act (ICWA) did not apply.  (25 U.S.C. § 1901 et

---

[1] All statutory references are to the Welfare and Institutions Code unless otherwise stated.

seq.) We conclude, among other things, that the Ventura County Human Services Agency (HSA) did not conduct a sufficient investigation to determine whether R.L. is or may be an Indian child. HSA concedes that it did not ask paternal family members whether R.L. was an Indian child and it agrees that a reversal and remand are necessary. We conditionally reverse and remand for further proceedings.

FACTS

On August 19, 2020, HSA filed a juvenile dependency petition alleging Mother and Father had failed to protect and had abused their infant child R.L.[2] (§ 300, subd. (b)(1).) HSA said that Mother gave birth to the child who tested positive for codeine, morphine, methamphetamine, and amphetamine at birth, and that she has substance abuse and mental health problems that interfere with her ability to care for the child.

HSA said Mother and Father had another child (N.L.) who was declared a dependent of the juvenile court in 2019 "due to the child's positive toxicology results at birth and the parents['] substance abuse." In that prior case, N.L. was placed in a "legal guardianship," the parents were "bypassed for services," and that dependency case was dismissed.

In the current case involving R.L., HSA said the parents have "failed to benefit from prior court intervention." HSA detained R.L.

At the detention hearing, Mother and Father did not appear. HSA had obtained the parents' signatures on "parental notification of Indian status" ICWA-020 forms where they said, among other things, that they and R.L. were not members or eligible for membership in an Indian tribe and they had no lineal

---

[2] Father is not a party to this appeal.

2

ancestors who are or were members of an Indian tribe. HSA determined "there is no reason to believe the child is an Indian Child."

The juvenile court reviewed the ICWA forms and the HSA determination on ICWA status and ruled R.L. had "no Indian ancestry." It also found detention was "necessary" for the child's protection. Aside from Father, HSA did not interview other relatives on the paternal side of the family.

The juvenile court subsequently sustained the juvenile dependency petition.

On November 2, 2020, at a jurisdiction and disposition hearing, the juvenile court bypassed reunification services for Mother. (§ 361.5, subd. (b)(3), (5), (6).)

At a contested section 366.26 hearing, the juvenile court terminated Mother's parental rights. It also found R.L. was adoptable.

DISCUSSION

*ICWA*

Mother contends HSA did not conduct a sufficient ICWA inquiry to determine whether R.L. is or may be an Indian child.

"Under California law, the court and county child welfare department 'have an affirmative and continuing duty to inquire whether a child,' who is the subject of a juvenile dependency petition, 'is or may be an Indian child.' " (*In re Austin J.* (2020) 47 Cal.App.5th 870, 883.) "The juvenile court must ask the participants in a dependency proceeding upon each party's first appearance 'whether the participant knows or has reason to know that the child is an Indian child.'" (*Ibid.*) An Indian child "is an unmarried individual under age 18 years, who is either (1) a member of a federally recognized Indian tribe, or (2) is eligible

3

for membership in a federally recognized tribe and is the biological child of a member of a federally recognized tribe." (*Id*. at p. 886.) A parent's statement that there is a "possibility that the children may have [Indian] ancestry" is not sufficient to trigger ICWA notice to tribes. (*Id*. at p. 887.)

Mother contends HSA did not conduct a sufficient ICWA inquiry with the child's parents and the extended family members. She claims a reversal and remand are required for HSA to conduct new ICWA inquiries of the parents and the maternal and paternal family members.

HSA agrees that its ICWA inquiry was not sufficient with respect to the child's paternal relatives. But it contends Mother has not shown that it failed to conduct ICWA inquiries with R.L.'s parents and the child's maternal relatives. Consequently, a remand should only apply for it to make further inquiry about potential Indian heritage involving the child's paternal relatives. We agree.

*HSA's ICWA Inquiry with the Parents and Maternal Relatives*

Mother notes that she was not present at the initial detention hearing, but she and Father "were present at subsequent hearings and . . . were never personally asked by the court whether or not the child is or may be an Indian child."

But Mother concedes that she and Father filled out the ICWA-020 form and they answered "not applicable" to all of the following categories: " '(a) *I am or may be a member of, or eligible for membership in, a federally recognized tribe*; [¶] (b) *The child is or may be a member of, or eligible for membership in, a federally recognized tribe*; [¶] (c) *One or more of my parents, grandparents, or other lineal ancestors is or was a member of, or eligible for membership* in, a federally recognized tribe; [¶] (d) I am a

4

resident of or am domiciled on a reservation . . . ; [¶] (e) The child is a resident of or is domiciled on a reservation . . . ; [¶] (f) The child is or has been a ward of a tribal court; [¶] (g) Either parent or the child possesses an identification card indicating membership or citizenship in an Indian tribe.' " (Italics added.)

Mother claims the ICWA-020 form, in its current version, does not give her the opportunity to state there is a possibility that the child may have Indian ancestry. The prior ICWA form permitted parents to state "the children may have Indian ancestry." (*In re T.G.* (2020) 58 Cal.App.5th 275, 283.)

But even if the current form had such a category, checking that box would not be sufficient to show the child is an Indian child. (*In re Austin J.*, *supra*, 47 Cal.App.5th at pp. 886-887.) The statements of belief that a child has Indian ancestry "is *not among the statutory criteria* for determining whether there is a reason to know a child is an Indian child. The statements, therefore, *do not constitute information* that a child 'is an Indian child' or information indicating that the child is an Indian child, *as is now required under both California and federal law*." (*Id.* at p. 887, italics added.) Consequently, a parent who merely makes such a statement does not "show that the court erred in failing to ensure that notice of the proceedings was provided in accordance with ICWA." (*Ibid.*)

Mother cites *In re T.G.*, *supra*, 58 Cal.App.5th 275, and notes there the court held a child welfare agency had a continuing duty to investigate ICWA eligibility, and its failure to do so required a section 366.26 hearing order to be reversed. But that case is distinguishable because in *T.G.* there was a reason for a further ICWA inquiry. The parent in that case claimed she may have had ancestral heritage from the Cherokee tribe.

Neither parent here has made such a claim or has identified any specific tribe. Instead, their *unequivocal* not applicable answers to the current ICWA-020 form categories show they and the child are not members of a tribe, not eligible for membership, and have no lineal ancestors who were members of a tribe or eligible for membership in a tribe. (*In re Austin J.*, *supra*, 47 Cal.App.5th at pp. 886-887.) They have made no claim in the trial court, or on appeal, of any ancestry connected to any specific Indian tribe.

*Motion to Augment the Record*

HSA claims it conducted an ICWA investigation with maternal relatives as shown in its motion to augment the record. We grant HSA's motion to augment the record.

In appropriate cases the record may be augmented to show ICWA compliance and to take judicial notice of prior juvenile court records involving the same parents. (Evid. Code, § 452, subd. (d); *In re A.B.* (2008) 164 Cal.App.4th 832, 841, 843; *In re C.D.* (2003) 110 Cal.App.4th 214, 224, 226; see also *San Jose Neurospine v. Aetna Health of California, Inc.* (2020) 45 Cal.App.5th 953, 960; *American Contractors Indemnity Co. v. County of Orange* (2005) 130 Cal.App.4th 579, 581, fn. 1.)

Moreover, "[a] reviewing court has discretion to grant or deny a motion to receive evidence on appeal." (*In re Marriage of Crook* (1992) 2 Cal.App.4th 1606, 1612.) Code of Civil Procedure section 909 "permits appellate courts" to " '*take additional evidence of or concerning facts occurring at any time prior to the decision of the appeal*' " and may be properly applied to achieve a just result in a juvenile dependency case. (*In re Elise K.* (1982) 33 Cal.3d 138, 149 (conc. opn. of Bird, C.J.); *id.* at p. 151 (conc. opn. of Bird, C.J.).) Appellate courts in juvenile dependency cases have admitted evidence on appeal of ICWA compliance

documents. (*In re E.W.* (2009) 170 Cal.App.4th 396, 403, fn. 2; *In re Christopher I.* (2003) 106 Cal.App.4th 533, 562 [ICWA evidence added on appeal on the court's own motion]; *In re Antoinette S.* (2002) 104 Cal.App.4th 1401, 1412.)

The declaration of HSA's counsel includes juvenile court records. HSA states the court records show HSA completed an ICWA inquiry with "the parents and the maternal relatives" involving R.L.'s full sibling N.L. in a prior dependency case "a year and a half ago." In that prior case, involving these parents, the juvenile court ruled ICWA did not apply to N.L. The records include an "Indian Child Inquiry Attachment" with a declaration of the social worker declaring, "The child has no known Indian ancestry." HSA claims a judicial council court form shows HSA interviewed the parents and maternal relatives in its ICWA inquiry.

Mother objects to the motion and HSA's factual claims. But she has not filed a declaration to contest the facts HSA stated (*Sacks v. FSR Brokerage, Inc.* (1992) 7 Cal.App.4th 950, 961), and has not shown any statements are untrue or that the attached court documents are not authentic. Mother claims it is unfair for HSA to rely on court records from a prior case. But Mother was a party in that case. In her opposition, she essentially attempts to collaterally challenge the juvenile court's ICWA finding in the prior N.L. case. But she has not shown why such a claim may be asserted at this late date or why she is not bound by that prior court finding. (*In re E.W.*, *supra*, 170 Cal.App.4th at pp. 400-401; *City of Santa Paula v. Narula* (2003) 114 Cal.App.4th 485, 490.)

Mother claims this appellate motion is unnecessary and unauthorized. But adding ICWA compliance court records on appeal is a recognized procedure justified by the need to avoid

7

undue delays that harm the interests of dependent children. (Evid. Code, § 452, subd. (a); *In re E.W.*, *supra*, 170 Cal.App.4th at pp. 401-402; *In re A.B.*, *supra*, 164 Cal.App.4th at pp. 841, 843; *In re C.D.*, *supra,* 110 Cal.App.4th at pp. 224, 226; *In re Marriage of Crook*, *supra*, 2 Cal.App.4th at p. 1613.)  Her argument also fails to consider our authority to take judicial notice of court records.  (*San Jose Neurospine v. Aetna Health of California, Inc.*, *supra*, 45 Cal.App.5th at p. 960; *Pinela v. Neiman Marcus Group, Inc.* (2015) 238 Cal.App.4th 227, 235-236, fns. 2 & 3 [appellate court on its own motion may take judicial notice of records of other cases]; *In re David C.* (1984) 152 Cal.App.3d 1189, 1204 [judicial notice may be taken of "facts asserted in findings and orders in a prior juvenile court proceeding"].)

Mother suggests the documents in the HSA motion are not material to the current case.  But in deciding HSA's duty to make further ICWA inquiry, it is highly relevant that Mother and Father have *repeatedly represented to HSA* that neither they nor their children are members, or eligible for membership, in an Indian tribe and they have no lineal ancestors who are or were tribal members.  There is also a highly relevant connection between the prior case and this case.  In the juvenile dependency petition in this case, HSA alleged the prior case involving N.L. was a relevant related case, it included facts about it, showed its relevance, and it described the ultimate decision and result.  The court in the current case sustained the allegations of the dependency petition which necessarily included the facts about the N.L. case.  Moreover, because of the result in the N.L. case, Mother was bypassed for reunification services in this case.

HSA also notes, "[T]he ICWA-related inquiries that were made during the investigation that led to [N.L.'s] detention *were*

8

*more expansive* than the current inquiry that is directed by the March 2020 version of the ICWA form, as it included questions about whether a 'child *may* have Indian ancestry.' " (Some italics added.)

Mother responds that HSA has selectively cherry-picked documents from the N.L. case in making this claim, and that there might be other documents that refute it. But nothing prevented Mother from presenting ICWA documents she signed in the N.L. case as part of her opposition to HSA's motion to augment, and her failure to do so does not support her claim. (Evid. Code, § 412; *Sacks v. FSR Brokerage, Inc.*, *supra*, 7 Cal.App.4th at p. 961.) Moreover, HSA's point about the difference in the ICWA forms over the two time periods is both well-established (*In re T.G.*, *supra*, 58 Cal.App.5th at pp. 282-283), and a point Mother also raises on this appeal. But even so, because this case has to be remanded, if Mother's cherry-picking claim has merit, the juvenile court will have an opportunity to consider it.

HSA cites *In re Charles W.* (2021) 66 Cal.App.5th 483, and claims that case also supports its motion. There the issue was whether a child was an Indian child. In a prior dependency case, the juvenile court ruled the child's full siblings were not Indian children. Because all the siblings shared the same ancestry, the court's prior ICWA ruling established that the child in that current case was also not an Indian child. Here, under *Charles W.*, because of the juvenile court's prior ICWA ruling, N.L. and R.L., as full siblings, would share the same biological history on the maternal side of the family, and therefore not be Indian children when considering that maternal lineage. (*Ibid.*; *In re E.W.*, *supra*, 170 Cal.App.4th at p. 400.)

9

Mother has not shown that HSA did not conduct an ICWA inquiry of the parents and maternal relatives.

But because HSA concedes it did not conduct an ICWA inquiry of the paternal relatives, a conditional reversal and remand is required. If on remand HSA conducts a sufficient ICWA inquiry and complies with ICWA requirements, and if the juvenile court subsequently finds ICWA does not apply, the court shall then reinstate the order terminating parental rights. (*In re Jonathan D.* (2001) 92 Cal.App.4th 105, 111-112.)

DISPOSITION

The order terminating parental rights is conditionally reversed and the matter is remanded for further proceedings consistent with this opinion.

NOT TO BE PUBLISHED.


GILBERT, P. J.

We concur:


YEGAN, J.


TANGEMAN, J.

10

Tari L. Cody, Judge

Superior Court County of Ventura

_____

Joseph T. Tavano, under appointment by the Court of Appeal, for Defendant and Appellant.

Tiffany N. North, County Counsel, Ilene F. Mickens, Assistant County Counsel, for Plaintiff and Respondent.

11