Filed 6/2/26  Hiramanek v. Hiramanek CA6

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| RODA HIRAMANEK, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> ADIL HIRAMANEK, <br><br> Defendant and Appellant. | H050904 <br> (Santa Clara County <br> Super. Ct. No. 2015CV278288) <br><br> **ORDER MODIFYING OPINION AND DENYING REHEARING** <br><br> **NO CHANGE IN JUDGMENT** |

THE COURT:

The petition for rehearing is denied.

On the court's own motion, the opinion filed herein on May 20, 2026, is ordered modified as follows:

1.      In the caption, "RODA HIRAMENEK" shall be changed to "RODA HIRAMANEK."

2.      In the caption, "Super. Ct. No. 2015CV27822" shall be changed to "Super. Ct. No. 2015CV278288."

3.      On page 10, the final two sentences of the first full paragraph are deleted and replaced with the following:

> Moreover, as we noted in appeal No. H049880, in early 2021, when Lumley filed a petition for authorization to administer the estate of Mr. Hiramanek's mother, in opposing the petition he failed to file a petition for either administration of the estate or appointment as her personal representative.  (*Hiramanek v. Estate of Roda Hiramanek*, *supra*, H049880, p. 2.)  As a consequence, Mr. Hiramanek's motion to substitute was without merit and, if considered, should have been denied.

There is no change in judgment.

_____

BROMBERG, J.


_____

GREENWOOD, P. J.


_____

DANNER, J.

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| RODA HIRAMANEK, | H050904 |
| Plaintiff and Respondent, | (Santa Clara County Super. Ct. No. 2015CV27822) |
| v. | |
| ADIL HIRAMANEK, | |
| Defendant and Appellant. | |

This case was commenced in 2015 when Roda Hiramanek sued her son Adil Hiramanek, Mr. Hiramanek's wife, and his wife's mother.  In January 2020, Roda Hiramanek died.  Approximately a year later in January 2021, the trial court dismissed her claims for failure to bring them to trial within five years.  In February 2023 the court denied a motion brought by Mr. Hiramanek to strike the dismissal order.

In March 2023, Mr. Hiramanek filed a notice of appeal from the denial of his motion to strike.  Because Mr. Hiramanek has been designated as a vexatious litigant, this court issued an order to show cause why the appeal should not be dismissed, among other things, for lack of authority to continue his deceased mother's claims.  However, Mr. Hiramanek represented that he was proceeding as both an aggrieved defendant and on behalf of his mother's estate, and the order to show cause was discharged.

In September 2025, Mr. Hiramanek filed an opening brief, arguing, among other things, that the trial court lacked jurisdiction to proceed against his mother after her

death.  Both respondents and the appointed personal representative of his mother's estate declined to file a brief in response.  After reviewing Mr. Hiramanek's brief, the court issued a second order to show cause why this appeal should not be dismissed for lack of appellate jurisdiction.  In response, Mr. Hiramanek filed a reply and a surreply.

As explained below, we now conclude that there is appellate jurisdiction. Although in light of the appointment of a personal representative Mr. Hiramanek lacked authority to appeal on behalf of his mother's estate, we deem the January 2021 dismissal order a final judgment against his mother's estate and conclude that Mr. Hiramanek had authority to appeal as an aggrieved defendant.  We also agree with Mr. Hiramanek that the trial court acted in excess of its jurisdiction in conducting proceedings involving his mother's estate after her death.  However, because the estate's appointed personal representative did not choose to continue the claims brought by Mr. Hiramanek's mother, we conclude that Mr. Hiramanek suffered no prejudice from the dismissal of her claims and therefore affirm.

## I. BACKGROUND

### A. The Pleadings

This case arises out of a 2008 settlement agreement between Mr. Hiramanek and his estranged wife Kamal Kapadia, in which both Mr. Hiramanek's mother Roda Hiramanek and Ms. Kapadia's mother Pervez Kapadia joined.  In March 2015, Roda Hiramanek sued Mr. Hiramanek and the Kapadias for recission, breach of contract, and various torts.

The next month Mr. Hiramanek attempted to file a cross-complaint raising similar claims, but the presiding judge of the Superior Court denied leave to file in light of Mr. Hiramanek's status as a vexatious litigant.  Several days later, Mr. Hiramanek filed a motion for leave to file a cross-complaint, largely paralleling his mother's complaint, as a vexatious litigant, which his mother did not oppose.  In June 2015, apparently unaware of

the presiding judge's order, the bench officer then handling the case granted Mr. Hiramanek leave to file his cross-complaint. In May 2016, when another bench officer subsequently handling the case discovered the presiding judge's earlier order, the trial court struck the cross-complaint.

## B. The Dismissal Order

Roda Hiramanek passed away in January 2020. In September 2020, the Kapadias informed the trial court of Roda Hiramanek's death and indicated that they planned to move to dismiss under Code of Civil Procedure section 583.310 because Roda Hiramanek had failed to bring this action to trial within five years of its filing. The following month the trial court issued an order advising the parties that it intended to dismiss on its own motion, the Kapadias filed their motion to dismiss, and the parties briefed the issue. Claiming to have been nominated as the executor of his mother's estate and therefore to be the estate's personal representative, Mr. Hiramanek also filed a motion to substitute for his mother.

In January 2021, the trial court dismissed the claims brought by Mr. Hiramanek's mother. The court found that Roda Hiramanek had filed suit in March 2015, more than five years earlier, and that the papers failed to show that commencement of trial within that period was impractical, futile, or precluded by statute. Accordingly, the trial court dismissed the claims brought by Mr. Hiramanek's mother with prejudice and ordered defendants to prepare a judgment. However, no judgment appears to have been prepared. In addition, the trial court did not rule on Mr. Hiramanek's motion to substitute for his mother.

In June 2021, purportedly as his mother's personal representative as well as on his own behalf, Mr. Hiramanek filed a notice of appeal from the dismissal order "and any [j]udgment that is yet to be entered." This appeal was dismissed as untimely.

3

### C. The Motion to Strike

In November 2022, acting on his own behalf and as the purported representative of his mother's estate, Mr. Hiramanek filed a motion to strike the January 2021 dismissal order. The trial court denied the motion in February 2023.

### D. The Show Cause Orders

Mr. Hiramanek filed a timely notice of appeal from the February 2023 order. This court issued an order to show cause why the appeal should not be dismissed because Mr. Hiramanek did not appear to be personally aggrieved by the order and also because he had not shown that he was authorized to appeal on behalf of his mother's estate. However, as previously noted, Mr. Hiramanek represented in his response that he was aggrieved by the trial court's order because he had filed a cross-complaint "seeking [the] same rescission . . . relief as that is sought by Plaintiff" (his mother). Mr. Hiramanek also asserted that he was the sole beneficiary of his mother's estate and authorized to appeal as her estate's personal representative. In light of Mr. Hiramanek's representation that he was an aggrieved defendant, the court discharged the order to show cause.

In February 2026, after reviewing Mr. Hiramanek's opening brief, the court issued a second order to show cause. The second order noted three reasons why it appeared that the appeal should be dismissed:

"1)   No final judgment appears to have been entered because, while the January 28, 2021 order dismissed the action brought by Roda Hiramanek, it instructed defendants to prepare an appropriate judgment, and defendants failed to do so. In addressing this issue, appellant should discuss whether the January 28, 2021 order resolved all issues concerning Roda Hiramanek (see, e.g., *Griset v. Fair Political Practices Com*. (2001) 25 Cal.4th 688, 698-699) and whether this court may amend the February 14, 2023 order to enter final judgment against Roda Hiramanek (see, e.g., *Molien v. Kaiser Foundation Hospitals* (1980) 27 Cal.3d 916, 921; *Tenhet v. Boswell* (1976) 18 Cal.3d 150, 154).

"2)     Appellant appears to have lacked authority in March 2023 to file a notice of appeal in continuance of Roda Hiramanek's claims because at that time Debra Lumley was the personal representative of the estate of Roda Hiramanek.   (See Code Civ. Proc., § 377.31 ["On motion after death of a person who commenced an action or proceeding, the court shall allow a pending action or proceeding that does not abate to be continued by the decedent's personal representative or, if none, by the decedent's successor interest."].)

"3)     Appellant appears to have lacked authority in March 2023 to file a notice of appeal in his personal capacity because his cross-complaint was pending in January 2021 when the action brought by Roda Hiramanek was dismissed.  (See, e.g., *Westamerica Bank v. MBG Industries, Inc.* (2007) 158 Cal.App.4th 109, 132.)  In addressing this issue, appellant should discuss whether the February 14, 2023 order may be amended to enter final judgment on appellant's cross-complaint if he consents to abandon the cross-complaint.  (See, e.g., *Roy Brothers Drilling Co. v. Jones* (1981) 123 Cal.App.3d 175, 180.)"

Mr. Hiramanek filed a response and "sur-response" to the second order to show cause, which is considered in the next section.

## II. DISCUSSION

### A. Appellate Jurisdiction

We begin by addressing the second show cause order and the court's jurisdiction over this appeal.

#### 1. *Capacity to Appeal on behalf of Roda Hiramanek's Estate*

Previously, on its own motion, this court took judicial notice of a 2021 order appointing Debra Lumley as the personal representative of Roda Hiramanek's estate, and we now take judicial notice that this appointment was affirmed in appeal No. H049980. (See *Hiramanek v. Estate of Roda Hiramanek* (Aug. 27, 2024, H049880) [nonpub. opn.]

5

p. 18.)  In the second show cause order, we noted that in light of Lumley's appointment, Mr. Hiramanek appeared to lack authority to continue the claims of his mother's estate. We now conclude that Mr. Hiramanek lacked such authority.

Under the Code of Civil Procedure, "a cause of action for . . . a person is not lost by reason of the person's death, but survives subject to the applicable limitations period" (Code Civ. Proc., § 377.20, subd.  (a)), and "[a] pending action or proceeding does not abate by the death of a party if the cause of action survives" (*id.,* § 377.21).  However, a cause of action does not continue automatically after the death of a party.  Instead, "[o]n motion after the death of a person who commenced an action or proceeding, the court shall allow a pending action or proceeding that does not abate to be continued *by the decedent's personal representative* or, if none, by the decedent's successor in interest." (*Id*., § 377.31, italics added.)  Thus, under the plain language of the Code of Civil Procedure, if a personal representative has been appointed, it is the personal representative's decision whether continuing an action brought by the decedent is in the interests of the decedent's estate.  Here, Lumley, the appointed personal representative of Roda Hiramanek's estate, did not choose to continue the claims brought in this case, and therefore Mr. Hiramanek lacked authority to appeal on the estate's behalf.

Mr. Hiramanek challenges Lumley's appointment and her actions.  He contends that Lumley was appointed for an improper motive and that she failed to act in the estate's interest.  Mr. Hiramanek also contends that he has long sought to be appointed to administer his mother's estate and that Lumley does not object to that appointment. Citing orders in a case before the Third District Court of Appeal, Mr. Hiramanek also contends that he previously has been recognized as his mother's personal representative and that his mother's will named him as her successor in interest and administrator of her estate.  Most of these arguments were considered—and rejected—in Mr. Hiramanek's prior appeal from Lumley's appointment as personal representative (*Hiramanek v. Estate of Roda Hiramanek*, *supra*, H049880, p. 12 [discussing Lumley's motive]; *id*. at p. 16

[Third District orders]; *id*. at pp. 16-17 [will]), and in any event we will not entertain a collateral attack on the ruling in that appeal that Lumley's appointment was valid.

Accordingly, we conclude that in March 2023 when Mr. Hiramanek purported to file a notice of appeal on behalf of his mother's estate, he was not authorized to do so.

### 2. *Final Judgment*

The second show cause order also noted that no final judgment appeared to have been entered against the estate of Roda Hiramanek or against Mr. Hiramanek personally. We now conclude that this problem may be cured.

In January 2021, when the trial court dismissed the claims brought by Mr. Hiramanek's mother, it stated that "Defendants are to prepare an appropriate Judgment." In light of that statement, this court deemed premature an appeal noticed in June 2021. However, Mr. Hiramanek and the other defendants do not appear to have prepared a judgment. Moreover, the dismissal order resolved all the claims brought by Mr. Hiramanek's mother. Accordingly, the court will exercise its authority to amend the February 2023 order denying Mr. Hiramanek's motion to strike to enter final judgment against his mother's estate. (See, e.g., *Molien v. Kaiser Foundation Hospitals* (1980) 27 Cal.3d 916, 921; *Tenhet* (1976) 18 Cal.3d 150, 154.)

The second show cause order also noted that there did not appear to be a final judgment against Mr. Hiramanek because his cross-complaint was still pending but that the February 2023 order could be amended to enter final judgment against him as well if he consented to abandon his cross-complaint. In response, Mr. Hiramanek stated that the "Cross Complaint is *not* abandoned." However, he asserted that a final judgment could be entered because his prefiling request to file a cross-complaint was denied. While that is technically correct, Mr. Hiramanek failed to disclose his subsequent request for leave to file a cross-complaint, which was granted because the presiding bench officer was unaware of the earlier denial. Although this inaccuracy is troubling, it does not affect the

7

finality of the February 2023 order against Mr. Hiramanek because his cross-complaint was subsequently struck when the initial denial was discovered.

Accordingly, we conclude that the February 2023 order should be amended to enter final judgment, that in light of that amendment there is a final judgment, and that we have jurisdiction over the present appeal.

## B. The Merits

Mr. Hiramanek challenges the February 2023 order denying his motion to strike on multiple grounds. He argues that the trial court lacked jurisdiction to enter orders concerning his mother after her death in the absence of the personal representative of her estate. Mr. Hiramanek also argues that in light of his mother's death she was not properly served with notice of the 2020 motions to dismiss, the trial court improperly refused to hear his motion to substitute for his mother, the court failed to consider his mother's death in dismissing for failure to bring the claims that she brought to trial in a timely fashion, the dismissal should not have been with prejudice, his motion for disqualification deprived the trial court of jurisdiction, the trial court failed to properly apply Code of Civil Procedure section 583.310, and the Kapadias' motion to dismiss was barred by unclean hands and equitable estoppel. We need address only the argument that the trial court lacked jurisdiction to act on the claims brought by Mr. Hiramanek's mother after her death in the absence of her estate's personal representative. As explained below, we agree that the trial court lacked such jurisdiction. However, Mr. Hiramanek was not prejudiced because the appointed personal representative of his mother's estate did not choose to continue her claims.

It is well recognized that "judgment cannot be rendered for or against a decedent, nor for or against a personal representative of a decedent's estate until the representative has been made a party by substitution." (*Sacks v. FSR Brokerage, Inc.* (1992) 7 Cal.App.4th 950, 957 (*Sacks*).) As the Supreme Court held long ago, where a defendant has died, "the court could, on motion, allow the action to be continued against his

8

representative [citation], but it could regularly take no action in the case until there was a substitution of someone to defend the action . . . ." (*DeLeonis v. Walsh* (1903) 140 Cal. 175, 179.) Moreover, this principle applies to deceased plaintiffs and other claimants as well as to deceased defendants. (*Collison v. Thomas* (1961) 55 Cal.2d 490, 495 (*Collison*); *Edwards v. California* (1978) 82 Cal.App.3d 885, 893; *Boyd v. Lancaster* (1939) 32 Cal.App.2d 574, 581; *Scoville v. Keglor* (1938) 27 Cal.App.2d 17, 28.) Consequently, the trial court lacked authority to dismiss the claims brought by Mr. Hiramanek's mother or, indeed, take any action concerning those claims after she died, absent appearance by the appointed personal representative of her estate.

Mr. Hiramanek contends that any actions taken by the trial court concerning his mother in the absence of her estate's personal representative were void. That is incorrect. The Supreme Court has held that " 'the death of a party pending suit does not oust the jurisdiction of the court, and hence the judgment is voidable only, not void.' " (*Collison*, *supra*, 55 Cal.2d at p. 496.) Consequently, when a party dies and no personal representative has appeared on behalf of the party's estate, actions taken concerning the decedent do not provide a ground for reversal "in the absence of prejudice." (*Ibid*; see also *Smith v. Bear Valley Milling & Lumber Co*. (1945) 26 Cal.2d 590, 602 [declining to reverse action taken concerning a decedent absent the decedent's personal representative because "no prejudice has resulted"]; *Sacks*, *supra*, 7 Cal.App.4th at p. 959 ["Since we find that no party has suffered prejudice by reason of Gaither's untimely death, we need not reverse the judgment in favor of Gaither."].)

Mr. Hiramanek has not shown prejudice. As noted above, where a personal representative of a decedent's estate has been appointed—as Lumley was appointed for the estate of Mr. Hiramanek's mother—only the personal representative may choose to continue the decedent's claims. (See Code Civ. Proc., § 377.31.) Although Lumley was appointed in November 2021, she did not choose to appear in this case and appeal or otherwise challenge the January 2021 dismissal order. Nor did she appeal from the

February 2023 order denying Mr. Hiramanek's motion to strike. In addition, as noted above, she declined our invitation to file briefing in this court. As a consequence, even though the trial court lacked authority to dismiss the claims brought by Mr. Hiramanek's mother, those claims have not been continued, and therefore Mr. Hiramanek has not been prejudiced by their dismissal.

It is true that in October 2020, before Lumley's appointment, Mr. Hiramanek moved to be substituted for his mother and to continue her claims. However, this motion was based on Mr. Hiramanek's assertion that he had been "nominated as the 'Executor" of decedent's estate," and therefor was the personal representative of his mother's estate, pursuant to an unspecified document that Mr. Hiramanek did not include in his motion. Although Mr. Hiramanek represented that he would make the document available "for under camera, seal review," the trial court did not abuse its discretion either in failing to credit this representation or in not requesting the document. Moreover, as we noted in appeal No. H049880, when Lumley filed a petition for authorization to administer the estate of Mr. Hiramanek's mother, he failed to file a petition for either administration of the estate or appointment as her personal representative. (*Hiramanek v. Estate of Roda Hiramanek*, *supra*, H049880, p. 2.) As a consequence, Mr. Hiramanek's motion to substitute was without merit and, if considered, should have been denied.

Accordingly, we conclude that the trial court acted in excess of its jurisdiction in proceeding against over the estate of Roda Hiramanek when it dismissed the estate's claims, but that Mr. Hiramanek was not prejudiced by this order because the appointed personal representative of the estate did not choose to continue those claims. In addition, because the estate did not continue the claims of Mr. Hiramanek's mother, Mr. Hiramanek's remaining arguments are moot, and we do not reach them.

## C. Stay Requests

In January 2026, Mr. Hiramanek filed a motion to stay the appeal in light of the failure of Lumley, the personal representative of his mother's estate, to participate in the

10

appeal and an unstamped December 2025 document stating that Lumley was supporting a 2021 request by Mr. Hiramanek to administer his mother's estate  Because, as noted above, no valid notice of appeal was filed on behalf of the estate of Mr. Hiramanek's mother, the estate is not a party to this appeal, and the estate's presence is not necessary. Accordingly, Mr. Hiramanek's January 2026 motion for a stay is denied.  The request for stay in Mr. Hiramanek's sur-response to the second show cause order is likewise denied. The July 21, 2025 and August 21, 2025 requests to take judicial notice are denied.

### III. DISPOSITION

The order of February 14, 2023 is modified to enter final judgment against Roda Hiramanek and her estate, and, as so modified, the order is affirmed.

11

_____

BROMBERG, J.




WE CONCUR:




_____

GREENWOOD, P. J.




_____

WILSON, J.




*Hiramanek v. Hiramanek*
H050904